## No. 22519.

PEOPLE OF THE STATE OF COLORADO *v.* CHARLES W. DENNIS.
(433 P.2d 339)

Decided November 13, 1967.

BERT M. KEATING, District Attorney, GREGORY MUELLER, Assistant, THEODORE A. BORRILLO, Chief Deputy, JAMES W. CREAMER, JR., Deputy, JOSEPH C. MEDINA, Deputy, DUKE W. DUNBAR, Attorney General, for plaintiff in error.

BLAINE A. RUTENBECK, GLENN R. JONES, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

IN a direct information filed by the District Attorney for the City and County of Denver, Charles W. Dennis was charged with larceny. The complaining ˙witness was one Joseph Leonard, the step-father of the accused. Thereafter, the defendant filed a motion to dismiss the information on the grounds that the complaining witness desired that the information be dismissed and felt the best interests of justice would be served by such a dismissal.

■ The District Attorney objected to a dismissal and the trial court set the matter down for hearing. At the hearing the complaining witness testified that he wished the charge to be dropped and that he preferred not to testify against the defendant. The trial court found that the complaining witness probably would not testify and that if he did he would not be a forceful witness; it therefore granted the motion to dismiss. We hold that the trial court was without power to take this action.

■ Criminal cases are conducted according to the common law in Colorado except where the common law has been changed by statute or by the Rules of Criminal Procedure. C.R.S. 1963, 39-7-13. At common law, the court had no power to enter or direct the prosecuting officer to enter a nolle prosequi or its modern counterpart, a dismissal. Such power was vested in the prosecuting attorney alone and could be exercised only by him.[1] 5 R. A. Anderson, Wharton's Criminal Law and Procedure § 2070 (1956). This rule was recognized in

---

[1] See the following colloquy recorded in 3 Lord Campbell, The Lives of the Chief Justices of England 59 (7th ed. 1878), which occurred when one Lacy, a friend of an accused, came to Lord Chief Justice Holt to plead for him:

"* * * The Chief Justice, having ordered Lacy in and demanded his business was thus addressed: 'I come to you a prophet from the Lord God, who has sent me to thee, and would have thee grant a *nolle prosequi* for John Atkins, his servant, whom thou has sent to prison.'

"*Holt, C. J.*: 'Thou art a false prophet, and a lying knave. If the Lord God had sent thee, it would have been to the Attorney General, for He knows that it belongeth not to the Chief Justice to grant a *nolle prosequi* * * *'"

Colorado in *People v. Zobel,* 54 Colo. 284, 287, 130 P.837, 838, where this Court stated:

"* * * It would doubtless be within the jurisdiction of the trial court, after the trial was commenced, if it appeared the evidence was insufficient, or that the law, as applied to the facts, developed at the trial, would not permit a conviction, to discharge the defendant, but, in advance of the trial, as in this case, it was not competent for the court of its own motion, and against the protest and objection of the district attorney, to dismiss the cause and discharge the defendant. At that stage of the proceedings the district attorney was the only one who could order the proceedings discontinued."

Nor does the fact that since *Zobel, supra,* was decided our statutes have been amended to provide that the information may not be dismissed by the District Attorney, without approval of the court, change the rule. The only enlargement of power provided by such a statute is to confer upon the court a veto power over the actions of the District Attorney, and nothing more. See, *State v. Anderson, District Judge,* 119 Tex. 110, 26 S.W.2d 174.

Prosecution for an alleged crime is a litigation in which the People of the State of Colorado is the plaintiff and its representative is the District Attorney. The complaining witness, or the victim of the crime, has no control over the case, since he is not a party to it. He can neither require prosecution of the case, nor can he require its dismissal. Nor does the trial judge represent the state any more than he does the defendant in the action, and he cannot on behalf of the state dismiss the prosecution. That is the function of the District Attorney.

However well intentioned the trial judge may have been in determining that further prosecution of the case was a useless and unnecessarily costly procedure, it was not within his power to dismiss the case when he did.

The judgment is reversed and the information is ordered to be reinstated.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES concur.