## No. 26171

Byron Jean Myers and Eugene Smith, Jr. v. The District Court for the Fourth Judicial District, State of Colorado, the Honorable Hunter D. Hardeman, as one of the Judges of the District, and Robert L. Russel, District Attorney for the Fourth Judicial District

(518 P.2d 836)

Decided January 28, 1974.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, James Robert Barash, Deputy, for petitioners.

Aurel M. Kelly (for Hon. Hunter D. Hardeman), Gregory L. Johnson, Deputy (for Respondent Robert L. Russel), Robert C. Lehnert, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an original proceeding brought under C.A.R. 21. Byron Jean Myers and Eugene Smith, Jr., both juveniles, petitioned this court for writs of prohibition and mandamus. They seek to vacate the trial court's order holding that it has jurisdiction to proceed against them as adults. We issued a rule to show cause why this relief should not be granted. We now discharge the rule.

Pursuant to C.R.S. 1963, 22-1-4(4)(b)(iii),[1] respondent district attorney filed an information in district court charging Smith with aggravated robbery and conspiracy to commit aggravated robbery and Myers with conspiracy to commit aggravated robbery. Both petitioners are over sixteen and under eighteen years of age, and each had been adjudicated at prior juvenile proceedings to be a delinquent child as result of conduct not related to the instant charges. It is uncontroverted that the conduct giving rise to these adjudications would have been a felony if committed by an adult.

Petitioners argue that C.R.S. 1963, 22-1-4(b)(iii) was enacted in violation of section 10 of Article I of the United States Constitution[2] and section 11 of Article II of the Colorado Constitution[3] since it operates with retrospective

---

[1] This section was amended by Senate Bill 303, Colo. Sess. Laws 1973, Ch. 110, § 3, which provides in pertinent part:
"22-1-4 *Jurisdiction.*
"(4)(b)(i) A child may be charged with the commission of a felony only after the hearing as provided in paragraph (a) of this subsection (4), or when the child is:
. . . .
"(iii) Alleged to have committed a crime defined by section 40-1-105, C.R.S. 1963, as a class 2 or class 3 felony, or a nonclassified felony punishable by a maximum punishment of life imprisonment or death, except those felonies defined by sections 40-3-401(1)(d) and 40-3-403(1)(d), and is sixteen years of age or older, and the child has been adjudicated a delinquent child within the previous two years, and the act for which the child was adjudicated a delinquent would have constituted a felony if committed by an adult; . . ."

[2] U.S. Const. art. I, § 10(1):
"No state shall enter into any treaty, alliance or confederation; grant letters of marque or reprisal; coin money; emit bills of credit; make anything but gold and silver coin a tender in payment of debts; *pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts,* or grant any title of nobility." (Emphasis added.)

[3] Colo. Const. art. II, § 11:
"No ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges, franchises or immunities, shall be passed by the general assembly."

effect and is thus an ex post facto law. Additionally, they argue that petitioners' guilty pleas at their juvenile adjudication were invalid and that the adjudication cannot be used against them under C.R.S. 1963, 22-1-4(b)(iii). Finally, petitioners assert that the above cited section denies them due process and equal protection of the law because of the broad discretion given the district attorney to prosecute those under eighteen as adults. We will respond to these arguments in order.

## I.

■ The first and still definitive statement on ex post facto laws is found in *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798), where ex post facto laws were defined at 390 as:

"1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Accord, Garvey v. People,* 6 Colo. 559 (1883).

■ Petitioners submit that they were punished for the October, 1972, adjudication of delinquency and that the direct filing against them in district court constitutes an additional penalty for that adjudication.

There is no question that a felony conviction results in greater potential penal sanctions and collateral legal consequences than an adjudication of delinquency in juvenile court. However, petitioners misconstrue the operation of C.R.S. 1963, 22-1-4(b)(iii). The provision, like the Colorado Habitual Criminal Act, C.R.S. 1963, 39-1-1, *et seq.,* does not punish the prior adjudications of delinquency. It provides a mechanism whereby a person between the ages of sixteen and eighteen may be treated as an adult if such person has a

record of juvenile delinquency and is alleged to have committed a felony. Thus, the section imposes a potentially greater penalty upon the alleged felonious conduct in light of the record of delinquency of the accused. The penalty is for the second incident of allegedly felonious conduct which was committed after the effective date of the section. Petitioners' situation is "aggravated" by the recent amendments to the Children's Code only because of their alleged actions since the effective date of such amendments. This is not an ex post facto law. *Wright v. People,* 116 Colo. 306, 181 P.2d 447 (1947); *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); *McDonald v. Massachusetts,* 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901).

## II.

Petitioners, relying on *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971), submit that their admissions of involvement which led to their October, 1972, adjudications of delinquency were invalid because they were not advised of the possible direct filing procedure of C.R.S. 1963, 22-1-4(b)(iii). Petitioners misread *Randolph* as the direct filing procedure cannot come into operation until an additional allegedly felonious act is committed.

## III.

Petitioners' final argument is that the broad discretion granted to the district attorney by C.R.S. 1963, 22-1-4(b)(iii) denies them due process and equal protection of the laws.

It is well settled that a prosecutor has constitutional power to exercise his discretion in deciding which of several possible charges to press in a prosecution. *See People v. Couch,* 179 Colo. 324, 500 P.2d 967 (1972); *People v. James,* 178 Colo. 401, 497 P.2d 1256 (1972); *People v. McKenzie,* 169 Colo. 521, 458 P.2d 232 (1969). It follows that the district attorney may properly invoke the concurrent jurisdiction of the district court under C.R.S. 1963, 22-1-4 (b)(iii) and C.R.S. 1963, 22-1-3(17)(b)(iii)[4] in deciding to proceed against a person between the ages of sixteen and

---

[4] Senate Bill 303, Colo. Sess. Laws 1973, Ch. 110, § 3.

eighteen in district rather than juvenile court. *United States v. Cox,* 473 F.2d 334 (4th Cir. 1973); *United States v. Bland,* 472 F.2d 1329 (D.C. Cir. 1972).

Petitioners' other arguments are without merit.

The rule is discharged.

MR. JUSTICE ERICKSON does not participate.