MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
The appellee was charged in district court with two counts of vehicular assault.[1] When the appellee failed to appear for a pre-trial hearing, defense counsel informed the court that he believed she had left the country permanently. At that time, defense counsel was permitted to withdraw from the case. The court did not, however, vacate the previously set trial date, but issued an alias warrant for the appellee’s arrest.
On the trial date, neither the appellee nor any defense counsel appeared. The court, over the district attorney’s objection, dismissed the case and the alias warrant. The People appealed. We reverse.
We are aware of no statute or rule authorizing a district court, on its own motion, to dismiss a criminal case over the district attorney’s objection under circumstances such as those here presented. See People v. Butz, 37 Colo. App. 212, 547 P.2d 262 (1975); Crim. P. 48(b). Absent express authorization, it is normally the function of the district attorney, not the trial court, to initiate, on behalf of the state, procedures for dismissing criminal cases before trial. This is true even where, as here, it appears to the trial court that further prosecution of the case will be useless and unnecessarily costly. We hold, therefore, that the trial court exceeded its authority. People v. Dennis, 164 Colo. 163, 433 P.2d 339 (1967).
The order dismissing the case is reversed and the cause is remanded to the district court with directions to reinstate the case.

Section 18-3-205, C.R.S. 1973 (1976 Supp.).