## No. 28181

**The People of the State of Colorado v. The District Court in and for the Tenth Judicial District, State of Colorado, and the Honorable Richard D. Robb, one of the District Judges in and for the Tenth Judicial District, State of Colorado**

(586 P.2d 1329)

Decided October 30, 1978. Opinion modified and as modified rehearing denied December 18, 1978.

J. E. Losavio, Jr., District Attorney, Amy S. Isaminger, Deputy, for petitioner.

Honorable Richard D. Robb, District Judge, pro se.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The People, through the district attorney, requested an order from this court staying further proceedings in an action pending in the district court for the Tenth Judicial District. We issued a rule to show cause, which we now discharge.

On February 19, 1977, an indictment was returned against codefendants Charles and Darlene Corbett for three counts of child abuse. In May, Charles Corbett entered a plea of guilty to one count of child abuse and agreed to enter a guilty plea to a pending case of welfare fraud.

The district attorney and counsel for Darlene Corbett reached an agreement on May 15, 1977, in which it was agreed that she would also plead guilty to welfare fraud. The district attorney then filed a nolle prosequi on the child abuse counts against her. The plea arrangment was explained to the trial judge, who refused to permit a dismissal.

The People allege the district court is proceeding in excess of its jurisdiction and abusing its discretion by refusing to dismiss the child abuse action. The district attorney asserts that the trial court has only a limited power of review over the exercise of prosecutorial discretion. The People cite a number of cases interpreting Fed. R. Crim. P. 48(2), which is similar to our Crim P. 48(a).[1] Those cases substantially limit the court's power to deny a prosecutor's motion to dismiss.

Although pronouncements of the United States Court of Appeals are not binding on this court, the positions taken in *United States v. Cowan,* 524 F.2d 504 (5th Cir. 1975), and *United States v. Ammidown,* 497 F.2d 615 (D.C. Cir. 1973), support the decision we reach here. Both courts spoke of the relative discretion of the prosecutor and the judge creating a balance of power. Thus, neither controls, and the goal of both is to ensure protection of the public interest.

In *Turner v. District Court,* 188 Colo. 146, 533 P.2d 498 (1975), under a different factual setting, this court found that the refusal of a trial court to grant a continuance requested by the prosecuting attorney did not constitute a limitation on prosecutorial discretion. In words applicable to the situation here, the court discussed the requirements of Crim.P. 48(a) and stated,

"Unless the trial court consents and approves, the district attorney is not permitted to dismiss the case as a matter of right. . . . Crim.P. 48(a) is intended to give the court some supervisory power over the prosecution of a case, so that the interests of expeditious justice, as well as the interest of the defendant and society, can be effected."

Allegations that the court abused its discretion in refusing to dismiss are not persuasive here. In determining not to dismiss the case

---

[1] "No criminal case pending in any court shall be dismissed or a nolle prosequi therein entered by any prosecuting attorney or his deputy, unless upon motion in open court, and with the court's consent and approval." Crim. P. 48(a).

against Darlene Corbett, the court took a number of factors into consideration. There is sufficient justification for the court's conclusion.

Since the trial court neither exceeded its jurisdiction nor abused its discretion in denying the motion to dismiss, the rule to show cause is discharged.

MR. JUSTICE ERICKSON and MR. JUSTICE PRINGLE do not participate.