**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Honorable Alvin D. LICHTENSTEIN, District Judge, and the District Court in and for the Second Judicial District of the State of Colorado, Respondents.**

No. 80SA564.

Supreme Court of Colorado, En Banc.

April 20, 1981.

Rehearing Denied May 11, 1981.

---

1. Petitioner's counsel conceded during oral argument that *Leyba v. People, supra,* is controlling on this issue.

Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for petitioner.

J. Gregory Walta, Colorado State Public Defender, James England, Deputy State Public Defender, Denver, for respondents.

ROVIRA, Justice.

This original proceeding was commenced after the respondent district court denied a motion by the People to dismiss one of three counts against the defendant, Scott D. Ferguson. The People then filed a petition for relief in the nature of prohibition and for an immediate stay of proceedings, asking this court to reverse the district court's denial of dismissal. We issued a rule to show cause and now make the rule absolute.

The defendant was charged by information with three crimes. Count one was assault in the first degree,[1] a class 3 felony;

---

1. Section 18-3-202, C.R.S. 1973 (1978 Repl. Vol. 8).

count two was menacing,[2] a class 5 felony; and count three was mandatory sentence, violent crime.[3] All three counts were based on the same criminal transaction.

The defendant entered a plea of not guilty by reason of insanity. He sought to waive a jury trial on the issue of sanity, but the People declined to consent, pursuant to section 16–8–105(2), C.R.S. 1973 (1978 Repl. Vol. 8), which provides, in pertinent part, that:

"In all cases except class 1, class 2, and class 3 felonies, the defendant may waive jury trial by an express written instrument or announcement in open court appearing of record. If the court and the district attorney consent, jury trial may be waived in a class 1, 2, or 3 felony case."

The district court ruled that the quoted section governed the first-degree assault charge only, the class 3 felony, but that count two, the class 5 felony, was properly subject to section 18–1–406, C.R.S. 1973 (1978 Repl. Vol. 8). This statute applies to a defendant's right to a jury trial for criminal offenses in general, and provides that, except for class 1 felonies, a defendant may waive a trial by jury without the consent of the prosecution or the court.

In order to protect the defendant's statutory right to a trial to the court on the issue of sanity for the second count, the district court, *sua sponte*, ordered that count two be severed from the other counts and that the sanity trial on count two would take place to the court. No date was set for any other sanity trial. Rather, the court expressed the view that a second sanity trial would never take place since its ruling on the sanity issue would be *res judicata*, and the People would be barred by the doctrine of collateral estoppel from seeking a second determination of the defendant's sanity. The People then moved to dismiss count two. The motion was denied, giving rise to this proceeding.

This case requires us to consider the function of the trial court and the prosecution regarding the dismissal of criminal charges. It is well settled that the prosecution has the constitutional power to exercise its discretion in deciding which of several possible charges to press in a prosecution. *Myers v. District Court*, 184 Colo. 81, 518 P.2d 836 (1974). *See People v. Couch*, 179 Colo. 324, 500 P.2d 967 (1972); *People v. James*, 178 Colo. 401, 497 P.2d 1256 (1972); *People v. McKenzie*, 169 Colo. 521, 458 P.2d 232 (1969). As a general rule, charging a suspect, consenting to deferred prosecution, and requesting dismissal are matters within the district attorney's discretion. *People v. Fletcher*, 193 Colo. 314, 566 P.2d 345 (1977). The district attorney is part of the executive branch, and his discretion in requesting dismissal is governed by practical considerations. *People v. District Court*, 186 Colo. 335, 527 P.2d 50 (1974).

The question posed here is whether the trial court abused its discretion in denying the motion to dismiss the second count against the defendant. Prior to the enactment of Crim.P. 48, the common law rule was that the district attorney had the power to enter a *nolle prosequi* in a criminal case without the consent of the court. *People v. Dennis*, 164 Colo. 163, 433 P.2d 339 (1967); *People ex rel. Carr v. District Court*, 23 Colo. 466, 48 P. 500 (1897). Crim.P. 48(a) now provides, in pertinent part, that:

"No criminal case pending in court shall be dismissed or a nolle prosequi therein entered by any prosecuting attorney or his deputy, unless upon a motion in open court, *and with the court's consent and approval*." (Emphasis added.)

This provision parallels Federal Rule Crim.P. 48(a). *See* 3 *Wright, Federal Practice and Procedure* § 812; Advisory Committee Notes to Federal Rule Crim.P. 48(a). It is intended to give the court some supervisory power over the prosecution of a case so that the interests of justice, as well as the interest of the defendant and society, can be effected. *People v. District Court*,

**2.** Section 18–3–206, C.R.S. 1973 (1978 Repl. Vol. 8).

**3.** Section 16–11–309, C.R.S. 1973 (1978 Repl. Vol. 8).

196 Colo. 420, 586 P.2d 1329 (1978); *Turner v. District Court*, 188 Colo. 146, 533 P.2d 498 (1975). *Accord, United States v. Greater Blouse, Skirt and Neckwear Contractors, Ass'n*, 228 F.Supp. 483 (S.D.N.Y.1964). Thus, in exercising its discretion in reviewing a motion to dismiss charges, the trial court should not serve merely as a rubber stamp for the prosecutor's decision. *United States v. Ammidown*, 497 F.2d 615 (D.C.Cir. 1973). However, the trial court also should not arbitrarily substitute its own decision for that of the prosecution. *People v. Dennis, supra.* Rather, judicial restraint should be exercised, and the termination of pending prosecutions should not be disturbed judicially unless clearly contrary to manifest public interest. *United States v. Cowan* 524 F.2d 504 (5th Cir. 1975). As stated in *United States v. Ammidown, supra*,

"The District Court cannot disapprove of [the prosecuting attorney's] action on the ground of incompatibility with prosecutive responsibility *unless the judge is in effect ruling that the prosecutor has abused his discretion.*" *Id.* at 622 (emphasis added).

From the record it is evident that the respondent court perceived itself in a quandary resulting from the conflict of two statutory rights: the right of the defendant to a waiver of a jury trial on the issue of sanity for the class 5 felony, and the right of the prosecution to refuse consent to such a waiver for the class 3 felony. To resolve this conflict of seemingly irreconcilable rights, the trial court severed the two relevant counts and provided a separate trial to the court on the issue of sanity for the class 5 felony.

■ Generally, a trial court's discretion in granting or denying a severance is broad, and its action will be upheld in the absence of clear abuse. *Eder v. People*, 179 Colo. 122, 498 P.2d 945 (1972). We need not here decide whether the severance procedure actually adopted by the trial court constituted an abuse of discretion.

Nevertheless, the discretion of the trial court was less broad with regard to the motion to dismiss the class 5 felony prof-

fered by the prosecution in response to the court's ruling. Under the circumstances of this case, the respondent court's refusal to consent to the dismissal constitutes an abuse of discretion.

■ The trial court's refusal to grant consent to a dismissal of charges is appropriate only where the evidence is clear and convincing that the interests of the defendant or the public are jeopardized by the district attorney's refusal to prosecute. *United States v. Greater Blouse, Skirt and Neckwear Contractors, Ass'n, supra; United States v. Cowan, supra. See Turner v. District Court, supra.* Here the dismissal of the lesser charge resulted in no prejudice to the defendant. The trial court made no finding that the prosecution was attempting to harass the defendant, or prejudice his defense.

According to Wright and Miller,

"Leave [to dismiss] will be granted if the government is without sufficient evidence to obtain a conviction or if dismissal is sought for some other bona fide reason that does not involve harassment of the defendant." 3 *Wright, Federal Practice and Procedure* § 812.

In this case the dismissal of the lesser charge was a decision made by the prosecution to maintain its right to require a jury trial on the issue of sanity for the more serious of the two counts. The prosecution was attempting to obviate any potential conflict between two inconsistent statutory rights, and protect the People's interest in a jury trial on the issue of sanity for the class 3 felony, in accordance with the legislative intent of section 16–8–105(2), C.R.S. 1973 (1978 Repl. Vol. 8). This was a good faith exercise of prosecutorial discretion in accordance with statutory authority.

The denial of the district attorney's motion to dismiss count two of the information constituted an abuse of discretion by the trial court. The respondent court is directed to dismiss count two of the information.

The rule is made absolute.