632 P.2d 1022 (1981)
The PEOPLE of the State of Colorado, Petitioner,
v.
The DISTRICT COURT, In and For the TENTH JUDICIAL DISTRICT, State of Colorado, The Honorable Donald Abram, District Judge Thereof, Respondents.
No. 81SA93.
Supreme Court of Colorado, En Banc.
August 31, 1981.
*1023 Gus F. Sandstrom, Jr., Dist. Atty., Tenth Judicial Dist., Michael S. Kupecz, Chief Appellate Deputy Dist. Atty., Pueblo, for petitioner.
Charles Butler, Pueblo, for respondents.
LEE, Justice.
In this original proceeding the People seek relief in the nature of prohibition pursuant to C.A.R. 21. We issued a rule to show cause why the relief prayed for should not be granted and now make the rule absolute.
On June 18, 1980, a petition in delinquency was filed against R.G.G., age 15, alleging that he had committed the crime of second-degree burglary. Section 18-4-203, C.R.S. 1973 (1978 Repl.Vol. 8).
Defense counsel for R.G.G. filed a motion to compel the district attorney to arrange for the administration of a polygraph examination of the key prosecution witness, the victim of and eyewitness to the burglary. The district attorney opposed the granting of the motion. After hearing, the district court ordered the district attorney to arrange for the polygraph examination and to provide the results to defense counsel.[1] The district attorney's motion for a rehearing was denied.
The People contend that the district court had no authority to order the district attorney to cause a polygraph examination to be administered to its key witness. We agree.
Our analysis begins with the recognition that the duty of the prosecutor is to seek justice, not merely convict. As stated in Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965)
"... the [prosecutor] in a criminal prosecution is not an ordinary party to a controversy, but is a `servant of the law' with a `twofold aim ... that guilt shall not escape or innocence suffer.'" Id. at 37, 85 S.Ct. at 791.
*1024 See 1 ABA Standards for Criminal Justice, The Prosecution Function, 3-1.1 (2d Ed. 1980). In the absence of evidence to the contrary, it is presumed that the district attorney is performing his duty in accordance with the law. People v. One 1965 Oldsmobile, 52 Ill.2d 37, 284 N.E.2d 646 (1972), rev. on other grounds, Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972).
It is clear that while a district attorney is an officer of the court, as is any member of the bar, he is not a judicial officer nor a part of the judicial branch of government. The district attorney belongs to the executive branch of the government. People v. District Court, 186 Colo. 335, 527 P.2d 50 (1974). As an executive officer charged with the duty to prosecute persons for violations of the criminal laws, he has a broad discretion in the performance of his duties. See 1 ABA Standards for Criminal Justice, The Prosecution Function, 3-3.9 (2d Ed. 1980). The scope of this discretion extends to the power to investigate and to determine who shall be prosecuted and what crimes shall be charged. Generally, his discretion in charging, consenting to deferred prosecution, or requesting dismissal of pending charges under Crim.P. 48 may not be controlled or limited by judicial intervention.[2]People v. District Court, supra; Myers v. District Court, 184 Colo. 81, 518 P.2d 836 (1974); People v. Dennis, 164 Colo. 163, 433 P.2d 339 (1967). See also Ascherman v. Bales, 273 Cal.App.2d 707, 78 Cal.Rptr. 445 (1969); Meyers v. State, 266 Ind. 513, 364 N.E.2d 760 (1977); Brune v. Marshall, 169 Ind.App. 637, 350 N.E.2d 661 (1976); and People v. Friday, 98 Mich.App. 522, 296 N.W.2d 618 (1980).
The district attorney's broad discretion in determining whether a charge shall be filed involves the primary determination of whether the evidence of the crime is sufficient to warrant the filing of the charge. This obviously depends upon his evaluation of the reliability and credibility of the witnesses to the crime, including the complaining witness or victim of the crime. Whether this evidence shall be tested by ordinary means of interrogation or by other means, such as requiring a potential witness to submit to a polygraph examination, is a matter of prosecutorial discretion. This function is not subject to judicial control or direction. To hold that the exercise of such prosecutorial discretion is subject to judicial oversight would erode the doctrine of separation of powers in violation of Article III of the Colorado Constitution.
It is clear from the record before us that the district attorney, in evaluating the reliability and credibility of the key witness, did not believe it necessary to subject the witness of the alleged burglary to a polygraph examination in preparation of the People's case. For the court to order the district attorney to do so for the benefit of the defense, in our view, amounts to an impermissible judicial intrusion into the prosecutor's function.
We hold that the decision to request that a prosecution witness submit to a polygraph examination is, in the absence of circumstances not here present, within the discretion of the prosecutor and may not be controlled or directed by the trial court. One 1965 Oldsmobile, supra. The order of the district court was inappropriate and should be vacated.
The rule to show cause is made absolute.
NOTES
[1] The district court declined to rule on the question of whether the results of the polygraph test would be admissible as evidence at trial and that question is not an issue in this case.
[2] The trial court under Crim.P. 48 retains some supervisory power in determining whether to grant a motion to dismiss by the prosecution. See People v. District Court, 196 Colo. 420, 586 P.2d 1329 (1978).