**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Robert James McGRAINE, Defendant-Appellee.**

**No. 83SA256.**

Supreme Court of Colorado, En Banc.

April 23, 1984.

Stuart A. VanMeveren, Dist. Atty., Eighth Judicial Dist., Stephen J. Roy, Deputy Dist. Atty., Fort Collins, for plaintiff-appellant.

No appearance for defendant-appellee.

DUBOFSKY, Justice:

The People appeal from a district court order dismissing charges of second degree assault,[1] theft,[2] aggravated motor vehicle theft,[3] and mandatory sentence crime of violence[4] against the defendant, Robert McGraine. The district court apparently dismissed the charges because this court, after granting review of the district court's denial of the People's request for a continuance, discharged the rule to show cause as improvidently granted.

1. 18–3–203, C.R.S.

2. 18–4–401, C.R.S.

3. 18–4–409, C.R.S.

4. 16–11–309, C.R.S.

Following various proceedings, and after a plea agreement fell through, the district court set this case for trial on January 10, 1983. The People moved for a continuance because the victim would not be available to testify on that date. The district court denied the motion, and the People then brought an original proceeding in this court, seeking review of the denial of the motion for continuance. On January 7, 1983 we issued a rule to show cause and stayed the district court proceeding. On March 17, 1983, we discharged the rule to show cause as improvidently granted. At the request of the defendant, the district court dismissed the charges on April 4, 1983.

Apparently, in seeking a continuance of the January 10 trial date, the People asserted that, without the victim's testimony, the charges against the defendant would be dismissed for lack of sufficient evidence. Despite that contention, the district court refused to continue the trial date.[5] The People's original proceeding, initially accepted by this court, accomplished a vacation of the January 10 trial date. The district court read our subsequent minute order refusing to rule in this case as a vindication of its initial refusal to continue the trial date and dismissed the charges because that would have been the result in this case had the People not sought discretionary appellate review. However, this court's discharge of a rule to show cause as improvidently granted—just as our refusal initially to issue a rule—has no substantive significance and does not indicate either approval or disapproval of the trial court ruling which is the subject of the original proceeding. *See Coquina Oil v. District Court*, 623 P.2d 40 (Colo.1981) (the exercise of original jurisdiction under C.A.R. 21 is discretionary). This court's discharge of the rule to show cause provided no basis for the district court's order of dismissal.

Colorado courts do not have unlimited discretion to dismiss criminal cases. *See*

*People v. Schwartz*, 678 P.2d 1000 (Colo. 1984); *People v. Hale*, 194 Colo. 503, 573 P.2d 935 (1978); *People v. Dennis*, 164 Colo. 163, 433 P.2d 339 (1967); *People v. Butz*, 37 Colo.App. 212, 547 P.2d 262 (1975), *cert. denied*, March 22, 1976. We reverse the district court's ruling and remand this case to the district court for further proceedings consistent with this opinion.

Ruling reversed and case remanded.

---

5. The record in this appeal does not contain either the People's request for a continuance or the district court's ruling denying the continuance.