The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Herbert Duane FRYE, Defendant–Appellee.

No. 08CA2321.

Colorado Court of Appeals, Div. III.

June 24, 2010.

Carol Chambers, Arapahoe County District Attorney, Andrew Cooper, Senior Deputy District Attorney, Centennial, Colorado, for Plaintiff–Appellant.

Isaacson Rosenbaum P.C., Gary Lozow, Blain D. Myhre, Lara E. Marks, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROY.

Pursuant to section 16–12–102(1), C.R.S. 2009, and C.A.R. 4, the prosecution appeals a trial court order excluding the testimony of defendant's sister under CRE 807, the residual exception to the rule against hearsay. As a result of that order, the case was dismissed at the prosecution's request.

The question presented here is whether a trial court's dismissal of an indictment without prejudice before trial at the prosecution's request qualifies as a final judgment, for purposes of appellate jurisdiction under section 16–12–102(1). We conclude that it does not.

We dismiss the appeal for lack of jurisdiction.

## I. Background

In 1973, defendant, Herbert Duane Frye, was charged with first degree murder for the death of his wife. However, the case was dismissed on the eve of trial at the prosecution's request, on its representation that there was insufficient evidence to proceed.

In 2006, defendant was indicted for the same crime by a grand jury based, as pertinent here, on a statement made by defendant's sister. Sister testified that their mother, who subsequently passed away, had told sister that defendant had "confessed" to her that he had killed his wife. The prosecution filed notice, under CRE 807, that it intended to call sister to testify to what mother had told her. At a motions hearing, sister was extensively examined and cross-examined concerning mother's statement; however, the motions court did not rule on the admissibility of the testimony.

Instead, the case was transferred to the trial court, which heard arguments and reviewed the transcripts of sister's testimony before the motions court and before the grand jury. The trial court, applying *People v. Fuller*, 788 P.2d 741 (Colo.1990), and *People v. Jensen*, 55 P.3d 135 (Colo.App.2001), concluded that sister's testimony lacked sufficient guarantees of trustworthiness and was, therefore, inadmissible under CRE 807.

The prosecution then filed a petition with our supreme court requesting review pursuant to C.A.R. 21, which was denied. The prosecution next filed a motion to dismiss the charges without prejudice on the basis that the remaining admissible evidence was insufficient to prove the case beyond a reasonable doubt. The trial court granted the motion to dismiss and the prosecution then commenced this appeal, asserting jurisdiction pursuant to section 16–12–102(1) and C.A.R. 4.

Defendant filed a motion to dismiss the appeal, arguing that the prosecution's challenge to the trial court's evidentiary ruling presented a question of fact and not a question of law appealable under section 16–12–102(1). For a different reason, we conclude that we lack jurisdiction to hear this appeal.

## II. Appellate Jurisdiction

■ Appeals taken in a criminal case by the prosecution are governed by section 16–12–102, C.R.S.2009, and C.A.R. 4, and 4.1.

Section 16–12–102(2), C.R.S.2009, and C.A.R. 4.1 authorize the prosecution to file interlocutory appeals in the supreme court from certain types of adverse trial court rulings, including a limited class of evidentiary rulings, namely, those with respect to motions to suppress evidence or to suppress an extrajudicial confession or admission. *See also People v. District Court*, 894 P.2d 739, 742 (Colo.1995) ("C.A.R. 4.1 allows the state to file interlocutory appeals from trial court rulings granting motions to suppress for unconstitutional seizures of property, involuntary confessions or admissions, and improper orders for nontestimonial identifications."); *People v. Weston*, 869 P.2d 1293, 1297 (Colo. 1994) ("C.A.R. 4.1 limits the types of rulings from which interlocutory appeals [in criminal cases] can be taken and cannot be employed to obtain pre-trial review of issues not covered by the rule.").

■ Section 16–12–102(1) authorizes the prosecution to "appeal any decision of a court in a criminal case upon any question of law." However, the prosecution's right to appeal an adverse ruling on a "question of law" under section 16–12–102(1) is "subject to the final judgment requirement of C.A.R. 1." *People v. Guatney*, 214 P.3d 1049, 1050 (Colo.2009); *see also Ellsworth v. People*, 987 P.2d 264, 266 (Colo.1999); *People v. Romero*, 801 P.2d 1192, 1193 (Colo.1990).

In *Guatney*, the supreme court noted that it had in the past "characterized a final judgment as one that ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceedings." *Guatney*, 214 P.3d at 1051. Consistent with this principle, historically, a final judgment in a criminal case did not occur until all charges against a defendant had been disposed of by way of acquittal, dismissal, or conviction and sentence. *See id.*

However, in 1998, the General Assembly amended section 16–12–102(1) to expand the

concept of a final judgment in a criminal case to encompass, as relevant here, "[a]ny order of a court that ... dismisses one or more counts of a charging document prior to trial." Ch. 251, sec. 9, 1998 Colo. Sess. Laws 948 (the amendment).

In the present case, the prosecution wants to appeal an evidentiary ruling of a kind other than that allowed under the interlocutory appeal provisions of section 16–12–102(2) and C.A.R. 4.1. To do so, its appeal must raise a "question of law" under section 16–12–102(1), following entry of a final judgment.

At common law,

> [t]he usual method of dismissing an indictment or stopping a criminal prosecution ... was by the entry of a nolle prosequi. Nolle prosequi, a Latin phrase meaning literally "to be unwilling to prosecute [pursue]," is a "voluntary withdrawal by the prosecuting authority of present proceedings on a particular bill" or "an entry made on the record, by which the prosecutor or plaintiff declares that he will proceed no further."

Annotation, *Power of Court to Enter Nolle Prosequi or Dismiss Prosecution,* 69 A.L.R. 240 (1930) (citations omitted) (quoting Wharton, *Criminal Procedure* § 1310 (10th ed.) and *Bouvier's Law Dictionary* ).

At common law, the authority to dismiss a case via nolle prosequi prior to trial lay exclusively in the hands of the prosecution. *See People v. Lichtenstein,* 630 P.2d 70, 72 (Colo.1981) ("[T]he common law rule was that the district attorney had the power to enter a nolle prosequi in a criminal case without the consent of the court."); *People v. Dennis,* 164 Colo. 163, 165, 433 P.2d 339, 340 (1967) ("At common law, the court had no power to enter or direct the prosecuting officer to enter a nolle prosequi or its modern counterpart, a dismissal. Such power was vested in the prosecuting attorney alone and could be exercised only by him.").

Today, the power to voluntarily dismiss charges before trial continues to rest largely within the prosecuting attorney's discretion. Crim. P. 48(a) provides, in pertinent part, that "[n]o criminal case pending in any court shall be dismissed or a nolle prosequi therein entered by any prosecuting attorney or his deputy" without "the court's consent and approval." But a court's discretion to withhold its "consent and approval" in this situation is very limited. For instance, in *Lichtenstein,* 630 P.2d at 73, the supreme court held that a trial court's refusal to grant a prosecutor's request to dismiss a charge was an abuse of discretion absent evidence that the prosecutor was attempting to harass the defendant or prejudice his defense.

"A nolle prosequi only means that the state is not prepared to go forward with the prosecution of the criminal charge." *State v. Jenkins,* 762 So.2d 535, 536 (Fla.Dist. Ct.App.2000). When granted by the trial court, "[a] nolle prosequi order is not the final disposition of a criminal case, but leaves the matter in the same condition as before the charges were filed." *People v. Small,* 631 P.2d 148, 154–55 (Colo.1981); *People v. Lopez,* 946 P.2d 478, 485 (Colo.App.1997) (similar); *see Lawson v. People,* 63 Colo. 270, 274–75, 165 P. 771, 772–73 (1917) ("A nolle prosequi is not a final disposition of the case and will not bar another prosecution for the same offense. It is not an acquittal, but it is like a nonsuit or discontinuance in a civil suit, and leaves the matter in the same condition in which it was before the commencement of the prosecution." (quoting 10 *Encyclopedia of Pleading and Practice* 558)).[1]

Because a nolle prosequi order is not a final disposition of a criminal case, but mere-

---

1. *See also* Robert J. Dieter, 14 Colo. Prac., Criminal Practice & Procedure § 2.144 (2d ed. 2009) ("A dismissal has varied effects with regard to the final disposition of a case. In some instances a dismissal will preclude further prosecution and in others it will not. A dismissal without prejudice, or *'nolle prosequi,'* is a formal declaration of record by the prosecutor that the government will not prosecute the case further. It is a discharge without an acquittal and is not a bar to a subsequent prosecution."); 3B Charles Alan Wright, Nancy J. King, Susan R. Klein & Peter J. Henning, *Federal Practice and Procedure (Criminal)* § 811 (3d ed. 2010) ("A dismissal properly taken under [federal] Rule 48(a) is without prejudice, and, within the period of the statute of limitations, a second indictment or information may be brought on the same charge." (footnote omitted)).

ly leaves the matter in the same condition as before the charges were filed, the court's order would not qualify as a "final judgment" under the traditional final judgment rule. Nor, we believe, would it qualify as a "final order" under the 1998 amendment to section 16–12–102(1).

In this regard, we note that, "when it chooses to legislate in a particular area, the General Assembly is presumed to be aware of existing case law precedent." *Vigil v. Franklin,* 103 P.3d 322, 327–28 (Colo.2004). Nothing in the amendment intimates that it was intended to broaden the concept of final judgment to include orders whose only effect was to render a charge (or charges) in the condition of never having been filed at all. Nor would the apparent purpose for the expanded language support such a conclusion.

In adopting the amendment, the General Assembly was responding to a particular case, *People v. Gallegos,* 946 P.2d 946, 950–53 (Colo.1997). That case concerned (1) whether the prosecution could appeal an order dismissing only part of a case following a preliminary hearing; and (2) whether such an appeal would toll the speedy trial period for the counts which had not been dismissed in the trial court. A division of this court in *People v. Gallegos,* 926 P.2d 156 (Colo.App. 1996), answered both questions in the negative.

On certiorari review, our supreme court answered those questions somewhat differently. In reversing the court of appeals, the supreme court, contrary to the division's analysis, noted that (1) an order dismissing part but not all of a criminal case could, depending upon its context, be characterized as either "interlocutory" or "final"; (2) the prosecution had, on a number of prior occasions, been allowed to proceed in similar cases with an appeal of right under the "final judgment" provisions of section 16–12–102(1) and C.A.R. 1; (3) the section 16–12–102(1) and (2) distinctions between "final" and "interlocutory" orders would not control the application of the "interlocutory appeal" tolling provision of the speedy trial statute; and (4) the prosecution's appeal in *Gallegos* was an "interlocutory appeal," for purposes of

tolling the speedy trial statute. *Gallegos,* 946 P.2d at 950–53.

However, our supreme court explicitly deferred the issue of whether an appeal would henceforth be allowed of an order that dismissed one or more, but not all charges based on an insufficient showing of probable cause at a preliminary hearing. In enacting the part of section 16–12–102(1) with which we are concerned here, the General Assembly was only eliminating the uncertainty surrounding this point: henceforth, such appeals would be allowed. *See People v. Collins,* 32 P.3d 636, 638 (Colo.App.2001) (allowing appeal of dismissal following preliminary hearing of fewer than all charges).

It was our supreme court's deferral in *Gallegos* that prompted the General Assembly to adopt the amendment, that is, the amendment was adopted to cover those instances in which a trial court dismissed a charge over the objection of the prosecution. That is not, of course, what happened here. Instead, the trial court granted the prosecution's motion to dismiss under circumstances in which it essentially had no choice but to approve the prosecution's request. *See generally* 3B Wright et al., *Federal Practice and Procedure (Criminal)* § 812 ("Leave [to dismiss a charge] will be granted if the government is without sufficient evidence to obtain a conviction . . . ."); 28 Daniel R. Coquillette, Gregory P. Joseph, Sol Schreiber, Jerold S. Solvy & Georgene M. Vairo, *Moore's Federal Practice* § 648.02[2][b], at 648–9 & 648–10 (2009) ("A request for leave to dismiss on the basis of insufficient evidence is generally granted."); *see also Small,* 631 P.2d at 155 ("The dismissal of charges was here sought to allow further investigation of the underlying crime and to avoid putting the defendant in criminal jeopardy on evidence of uncertain credibility. The nolle prosequi motion was, in other words, in keeping with the prosecutor's duty to seek justice."); *Lichtenstein,* 630 P.2d at 73 (citing, with approval, the language quoted above from 3B Wright, *Federal Practice and Procedure* § 812); *Jenkins,* 762 So.2d at 536 (proper ground for nolle prosequi motion is "that the state did not have sufficient evidence to meet its bur-

den of proving guilt beyond a reasonable doubt").

In our view, the trial court's granting of the prosecution's request for dismissal of the case did not constitute a final judgment from which an appeal of a question of law could be taken under section 16–12–102(1). Indeed, to hold otherwise would transform the trial court's essentially ministerial role in approving a prosecution's request for dismissal into the means for gaining an appeal as of right of what is, in essence, an interlocutory order of a kind not appealable under the interlocutory appeal provisions of section 16–12–102(2) and C.A.R. 4.1. *Cf. People v. Donahue*, 750 P.2d 921, 922–23 (Colo.1988) (suppression orders are appealable by interlocutory appeal, not by voluntarily dismissing the case and appealing on a "question of law").[2]

In this case, the prosecution's remedy, if any, from the trial court's evidentiary ruling lay in an original proceeding, brought pursuant to C.A.R. 21 in our supreme court prior to any dismissal of the case. The prosecution unsuccessfully attempted that route. Because it is not entitled to review from this court, we must dismiss its appeal.

Having concluded that dismissal is required, we cannot address the admissibility of sister's testimony under CRE 807.

The appeal is dismissed.

Judge DAILEY and Judge RICHMAN concur.

---

2. In reaching this conclusion, we necessarily decline to follow *People v. Gabriesheski*, 205 P.3d 441 (Colo.App.2008) (*cert. granted* Apr. 27, 2009), a child sexual assault case in which (1) on the morning of trial, the trial court excluded prior statements made by the child to her guardian ad litem and social worker and (2) after a brief recess, the prosecution moved for, and the trial court granted, a dismissal without prejudice. When the prosecution appealed the evidentiary ruling pursuant to section 16–12–102(1), the division in *Gabriesheski* concluded it had jurisdiction under the final judgment and question of law provisions of the subsection. Our analysis of the jurisdictional issue, however, leads us to reach the opposite conclusion.