2014 CO 47

### In Re: The PEOPLE of the State of Colorado, Plaintiff,

v.

### Robert S. STORLIE, Defendant.

### Supreme Court Case No. 13SA102

Supreme Court of Colorado.

June 16, 2014

---

Attorneys for Plaintiff: J.E. Chostner, District Attorney, Tenth Judicial District, Karl Kuenhold, Deputy District Attorney, Pueblo, Colorado.

Attorneys for Defendant: Douglas K. Wilson, Public Defender, Robert Houton, Deputy Public Defender, Pueblo, Colorado

Attorneys for Respondent Honorable Victor Reyes: John Suthers, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado

JUSTICE EID delivered the Opinion of the Court.

¶1 In this Rule 21 proceeding, petitioner Robert Storlie argues that the trial court abused its discretion in refusing to grant the district attorney's motion under Crim. P. 48(a) to dismiss the charges against him. In response, the respondent trial court ("Respondent"), through a brief filed on its behalf by the Attorney General's office, argues that a criminal defendant such as Storlie has no standing to challenge the denial of a motion to dismiss. Respondent further argues that

even if Storlie has standing, there was no abuse of discretion in denying the motion to dismiss.

¶ 2 First, we conclude that we need not decide whether Storlie has standing to challenge the trial court's denial of the motion to dismiss because the district attorney, who joined in Storlie's request for relief before this Court, has standing to challenge such a denial. Moving on to the merits, we hold that the trial court abused its discretion in denying the motion to dismiss because there was no evidence that the prosecution acted in bad faith in seeking the dismissal, nor did the trial court make any findings suggesting bad faith. Instead, the record demonstrates that the prosecution based its motion to dismiss the charges against Storlie on its candid assessment of the strength of the victim's and potential witnesses' testimony. Based on this assessment, the prosecution concluded that there was insufficient evidence to pursue the case. We find that the prosecution's decision to dismiss the charges against Storlie constitutes a "good faith exercise of prosecutorial discretion," as set forth in *People v. Lichtenstein*, 630 P.2d 70, 73 (Colo.1981). Accordingly, we make our rule absolute and remand the case to the trial court with instructions to grant the motion to dismiss.

## I.

¶ 3 Storlie was originally charged with sexual assault on a child in 2005, but he was not apprehended until 2012, when he was found in Texas after being stopped for a traffic offense. Storlie's case was then brought before the trial court to be set for trial.

¶ 4 At that time, the prosecution made an oral motion to dismiss the case pursuant to Crim. P. 48(a), which provides:

No criminal case pending in any court shall be dismissed or a nolle prosequi therein entered by any prosecuting attorney or his deputy, unless upon a motion in open court, and with the court's consent and approval. Such a motion shall be supported or accompanied by a written statement concisely stating the reasons for the action. The statement shall be filed with the record of the particular case and be open to public inspection. Such a dismissal may not be filed during the trial without the defendant's consent.

The prosecution gave several reasons for the motion to dismiss. First, it stated that the victim was not clear about her memory of the incident and had offered inconsistent accounts. The prosecution further explained that given the vagueness of the victim's testimony, it had hoped to present evidence of other alleged acts under Colorado Rule of Evidence 404(b)—evidence that the trial court, through an earlier judge assigned to the case, had ruled to be admissible. The prosecution concluded, however, that the CRE 404(b) evidence could not be presented because the witness to these other acts was not credible. The prosecution further noted that the victim's mother, who suffered from mental health issues, had not been able to focus her testimony in two earlier hearings on the issues at hand despite the prosecution's and the trial court's best efforts, and that the prosecution therefore could not offer her as a witness at trial. The prosecution also asserted that the victim did not object to the case's dismissal. Finally, the prosecution stated that there was insufficient evidence to form a prima facie case of sexual assault or to obtain a conviction, and that it thus could not ethically pursue the case.

¶ 5 The trial court ordered the prosecution to prepare a written motion and produce a statement from the victim. Subsequently, the prosecution submitted the written motion to dismiss Storlie's case, reiterating the reasons for dismissal outlined at the earlier proceeding. But contrary to the prosecution's earlier statements to the court, the attached letter from the victim stated that she did in fact want the case to be prosecuted, and that she believed that Storlie posed a danger to the community. The prosecution responded that it did not believe that Storlie posed a danger to the victim.

¶ 6 The trial court then denied the motion to dismiss without providing any rationale for its denial. Storlie sought review from this Court by filing a petition pursuant to C.A.R. 21, arguing that the trial court abused its discretion in denying the motion to dismiss, and asking that the case against him be

dismissed. We issued a rule to show cause to the trial court, which responded through a brief filed by the Attorney General's office. The prosecution, by and through the district attorney, joined Storlie's petition.[1] We now make our rule absolute, and remand the case to the trial court with instructions to grant the motion to dismiss.

## II.

### A.

¶ 7 We begin our analysis by addressing Respondent's argument that a criminal defendant like Storlie has no standing to challenge the denial of a motion to dismiss charges against him. We conclude that we need not resolve this question, however, because the district attorney in this case joined in Storlie's request for relief. Respondent concedes, and we agree, that the district attorney has standing to challenge the denial of the motion to dismiss.

¶ 8 Crim. P. 48(a) specifically references the prosecution as the party empowered to file a motion of dismissal in open court, and requires the prosecution to file a statement—which is to be "open to public inspection"—outlining the reasons for dismissal. In doing so, the Rule reflects the separation of powers principle that the role of prosecuting crimes belongs to the district attorney as a member of the executive branch, and that the district attorney enjoys "broad discretion" in the exercise of this authority. *People v. Dist. Court*, 632 P.2d 1022, 1024 (Colo.1981). Based on the Rule itself, as well as the prosecutorial discretion vested in the district attorney by separation of powers principles, we find that the district attorney has more than a sufficient interest in challenging the denial of a motion to dismiss to meet standing requirements. *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535, 539 (1977) (holding that standing requires an injury in fact to a legally protected interest); *see also Lichtenstein*, 630 P.2d at 72 (describing the prosecution's role in bringing and dismissing criminal charges, and not-

ing that "requesting dismissal" is a "matter . . . within the district attorney's discretion"). Because standing requirements have been satisfied, we move on to consider the merits of the case before us.

### B.

¶ 9 At common law, prosecutors had the unilateral authority to dismiss criminal charges through the entry of a nolle prosequi. *Lichtenstein*, 630 P.2d at 72. This unrestricted authority was limited by the enactment of Crim. P. 48, which requires prosecutors to obtain "the court's consent and approval" prior to dismissal of the charges. A trial court's denial of a motion to dismiss is reviewed under an abuse of discretion standard. *Lichtenstein*, 630 P.2d at 72–73.

¶ 10 However, while we review a denial of a motion to dismiss for an abuse of discretion, we have narrowly defined the circumstances under which the trial court's discretion to deny a dismissal motion may be exercised. Our case law makes clear that the discretion to dismiss criminal charges lies with the prosecution, not the court. *Id.* at 72; *see also People v. Zapotocky*, 869 P.2d 1234, 1244 (Colo.1994) ("[T]he decision to request dismissal of pending criminal charges is within the district's attorney's discretion, and this decision may not be controlled or limited by judicial intervention.") (*citing, inter alia, Lichtenstein*, 630 P.2d at 72). As referenced above, this discretion stems from separation of powers principles, which give the prosecution the authority to prosecute crimes. *See Lichtenstein*, 630 P.2d at 72.

¶ 11 In *Lichtenstein*, we described Crim. P. 48's requirement that the trial court give its "consent and approval" to the dismissal as giving the court "some supervisory power over the prosecution of a case so that the interests of justice, as well as the interest of the defendant and society, can be effected." *Id.* We went on to describe this "supervisory power" as more than a "judicial rub-

---

1. The district attorney filed a document titled "In Re: Order to Show Cause," stating that the prosecution joined in Storlie's request for relief for the reasons stated in their written motion to dismiss filed with the trial court.

ber stamp for the prosecutor's decision." *Id.* at 73. However, the trial court should not "substitute its own decision for that of the prosecution." *Id.* In particular, we described the only circumstance under which the trial court could set aside the prosecution's decision to dismiss—namely, "where the evidence is clear and convincing that the interests of the defendant or the public are jeopardized by the district attorney's refusal to prosecute." *Id.* Applying this standard, we found that the trial court abused its discretion because the prosecution had sought to dismiss a lesser charge in order to maintain its right to a jury trial on a more serious charge—a decision we described as "a good faith exercise of prosecutorial discretion." *Id.* In other words, the prosecution is presumed to have acted in the best interest of the public unless it is shown that it acted in a manner inconsistent with good faith. *See, e.g., Rinaldi v. United States*, 434 U.S. 22, 30–32, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977) (holding that the trial court abused its discretion in denying a motion to dismiss without evidence of prosecutorial bad faith); *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir.1982) ("The presumption that the prosecutor is the best judge of the public interest is rebutted when the motion to dismiss contravenes the public interest because it is not made in good faith.").[2]

■ ¶ 12 In this case, the trial court gave no comment and made no findings regarding its decision to deny the prosecution's motion to dismiss. However, the reasons the prosecution gave to the court supporting the dismissal motion demonstrate that the decision to dismiss the charges was "a good faith exercise of prosecutorial discretion," as we required in *Lichtenstein.* For example, the prosecution stated that it determined that the victim would not be a strong witness given the inconsistencies in her story and memory problems; that its CRE 404(b) witness of Storlie's other acts was not credible; and that the victim's mother, who suffered from mental health issues, would be unable to focus on the matters at hand. Given the weaknesses in the available testimony, the prosecution concluded that there would not be sufficient evidence against Storlie to form a prima facie case of sexual assault or to obtain a conviction, and that it therefore could no longer ethically pursue charges against him.[3]

¶ 13 In sum, the prosecution in this case based its motion to dismiss the charges against Storlie on its candid assessment of the strength of the victim's and potential witnesses' testimony. Based on this assessment, it concluded that there was insufficient evidence to continue to pursue the case. This determination is the quintessential example of a good faith exercise of prosecutorial discretion. *See, e.g., Lichtenstein*, 630 P.2d at 73 (" 'Leave (to dismiss) will be granted if the government is without sufficient evidence to obtain a conviction....' ") (*quoting* 3 WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 812); *Dist. Court*, 632 P.2d at 1024 (reversing a trial court's order that the prosecution subject a key witness to a polygraph examination in preparation for its case, and noting that it is within the prosecution's "broad discretion" to file and dismiss charges, "depend[ing] upon [its] evaluation of the reliability and credibility of the witnesses to the crime, including the complaining witness or victim of the crime").

---

**2.** We have adopted a similarly deferential standard regarding the prosecution's initial decision of whether to prosecute. Though a judge may, under section 16–5–209, C.R.S. (2013), require the prosecution to appear before the court and explain a decision not to prosecute an alleged offender, "[a] district attorney's decision not to prosecute a case" nevertheless "may not be challenged unless there is a showing by clear and convincing evidence that the decision was arbitrary or capricious and without reasonable excuse." *Sandoval v. Farish*, 675 P.2d 300, 302 (Colo.1984), (*citing Tooley v. Dist. Court*, 190 Colo. 468, 549 P.2d 772 (1976)).

**3.** Rule 3.8(a) of the Colorado Rules of Professional Conduct states that the prosecutor shall "refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause." Comment 1 to RPC 3.8 further states: "A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice, that guilt is decided upon the basis of sufficient evidence and that special precautions are taken to prevent and to address the conviction of innocent persons."

¶ 14 Nor is there any evidence that the prosecution acted in bad faith in moving to dismiss these charges. Examples of motivations that could support a finding of bad faith include "the prosecutor's acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled." *Rice v. Rivera,* 617 F.3d 802, 811 (4th Cir.2010); *see also United States v. Hamm,* 659 F.2d 624, 629–30 (5th Cir.1981) ("[I]f it should appear that the prosecutor is motivated to dismiss because he has accepted a bribe or because he desires to attend a social event instead of attend upon the court in the trial of the case or because he personally dislikes the victim of the crime, the court should withhold leave."). Another example of bad faith would be, as we noted in *Lichtenstein,* the harassment of the defendant. 630 P.2d at 73. In this case, however, there is no evidence that the prosecution acted with bad faith of any sort, let alone the kind of bad faith described in the case law that would support the denial of a motion to dismiss.

¶ 15 Respondent argues that it "properly exercised its discretion to consider whether the [prosecution's] request was consonant with the status of the case, the wishes of the alleged victim, and broader societal concerns." It points out that the victim opposed the dismissal, contrary to the prosecution's initial oral report to the court (but consistent with the prosecution's later written report); that the victim believed Storlie to be a danger to the community; that the problems with the victim's and witnesses' testimony were not "insurmountable"; and that the court (through a prior judge) had found the CRE 404(b) testimony to be admissible.

¶ 16 But Respondent's arguments miss the point. As noted above, the discretion to dismiss lies with the prosecution, not the trial court. Therefore, the question is not whether there might be good reasons to deny the prosecution's motion to dismiss, as Respondent suggests. Rather, the question is whether the prosecution sought to dismiss the charges based on a good faith exercise of its discretion.

¶ 17 Here, although the prosecution initially indicated to the court that the victim supported dismissal, it informed the court in the subsequent written submission that the victim opposed dismissal. There is no indication that this change was a result of bad faith on the prosecution's part; on the contrary, the fact that the prosecution described the victim's position in the written statement demonstrates otherwise.[4] And while the prosecution's evidentiary concerns might not be "insurmountable," it is not the trial court's role to determine whether the weaknesses in the evidence might be overcome, but rather whether the prosecution's evaluation of the evidence was conducted in good faith. Again, we see no evidence that the prosecution's evaluation of the available testimony in this case was animated by bad faith.

¶ 18 Respondent also states that it did not make findings in support of its denial of the motion to dismiss the charges because it believed that it would be improper to do so. Making such findings, Respondent continues, would require a trial court to discuss its own assessment of the strength of the prosecution's case, which might jeopardize its appearance of neutrality. But Respondent's concern with regard to neutrality stems from its misunderstanding of the nature of the trial court's determination when reviewing a motion to dismiss criminal charges. As discussed above, the issue is not whether, in the trial court's view, the charges should be dismissed, but rather whether the prosecution exercised its prosecutorial discretion in good faith in seeking that they be dismissed. Such a determination of the prosecution's good faith does not hinder the trial court's neutrality. On the contrary, *Lichtenstein* expressly contemplates that a trial court would make such findings regarding its consideration of the motion to dismiss. 630 P.2d at 73 (noting that "the trial court made *no finding* that the prosecution was attempting

---

4. We find Respondent's citation to the victims' rights provisions, Colo. Const. art. II, § 16a; § 24–4.1–302.5, C.R.S. (2013), to be unpersuasive, as the prosecution consulted the victim and informed the court of her position. *Cf. People v.*

*Brown,* 2014 CO 25, ¶ 24, 322 P.3d 214 (listing the "victim's position, if the victims' rights act applies," as a factor to be considered in a trial court's decision to continue a trial).

to harass the defendant, or prejudice the defense" (emphasis added)).

¶ 19 We find it unnecessary to remand this case for findings because we determine that the record contains no evidence that the prosecution made anything other than a good faith decision to dismiss the charges against Storlie. Accordingly, we conclude that the trial court abused its discretion in denying the prosecution's motion to dismiss.

## III.

¶ 20 For the foregoing reasons, we make our rule absolute, and remand the case to the trial court with instructions to grant the motion to dismiss.