### No. 26599

**The People of the State of Colorado, by and through their duly elected and appointed Representatives, Stuart A. Van-Meveren, District Attorney, and Larry R. Abrahamson, Deputy District Attorney, Eighth Judicial District, State of Colorado v. The District Court in and for the County of Larimer, State of Colorado, and The Honorable Conrad L. Ball, one of the Judges thereof**

(527 P.2d 50)

Decided October 7, 1974.

Stuart A. VanMeveren, District Attorney, Larry R. Abrahamson, Deputy, for petitioners.

Richard B. Manges, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We issued a rule to show cause in this matter, and now make the rule absolute.

A defendant is charged in the respondent court with having committed a Class 4 felony, perjury in the first degree. The defendant requested leave to file an application for deferred prosecution under Colo. Sess. Laws 1972, ch. 44, 30-7-401 at 224. The respondent court granted leave to file the application over the objection of petitioners (district attorney and deputy district attorney). The application was filed and on June 11, 1974, the respondent court set the matter down for July 9, 1974, in order to give the probation department a chance to submit a report. Such a report was filed, and on July 9, 1974, the court continued the matter

until July 23, 1974, to give the petitioners an opportunity to review the application and probation report. At the July 23rd hearing the petitioner Larry R. Abrahamson, deputy district attorney, was present. The following is from the transcript of that hearing:

"THE COURT: * * *

"At the hearing on July 9th, the District Attorney's office advised the Court that they oppose deferred prosecution. Is that still the position of the District Attorney's office?

"MR. ABRAHAMSON: Yes. After reviewing the application for deferred prosecution, I find little in there that gives us any reason to change our mind.

"THE COURT: What particularly was in there that you thought indicates that deferred prosecution should not be granted? As I understand the matter, the statute or rules did say deferred prosecution can be granted if the District Attorney approves it; is that correct?

"MR. ABRAHAMSON: I believe so. I haven't read the rule specifically, but I think this is the substance of it.

"THE COURT: Let me ask the District Attorney's office this question: Is the District Attorney's position in this type of proceeding that the approval or disapproval of the District Attorney's office is subject to review by anybody?

"I ask the question solely because I know of no person with authority in the United States whose actions are not subject to review. Everything this Court does is subject to immediate review if it ought to be tested. I am wondering if the District Attorney's office can exercise this approval or disapproval without any review by the Court or anyone else as to whether the exercise is arbitrary, unreasonable or dictatorial. I am not insinuating at all that it is.

"MR. ABRAHAMSON: Yes, I think it is. If there is an indication that the discretion the District Attorney is using is arbitrary in a case like this, it is always subject to review on a motion to show cause or anything of that nature.

"THE COURT: The Court is going to continue this matter until August 27th at 9:00 o'clock. The Court requests the District Attorney to file with the Court specific statements and reasons, supported by the evidence, as to why they

consider this case is not a proper case for deferred prosecution. I want to review those to see if the District Attorney's position is arbitrary or unreasonable. It appears to the Court that this is a proper case for deferred prosecution.

"MR. ABRAHAMSON: Is that August 27th?

"THE COURT: Yes. Before that time, please file with the Court your analysis of the petition for deferred prosecution, pointing out any reasons wherein deferred prosecution should not be granted, and I want to review those to see if they are supported by the application and the facts developed therein.

"MR. ABRAHAMSON: Yes, we will certainly do that."

The petitioners then asked us for a writ of prohibition to prevent the respondent court from requiring them to specify the reasons why they do not consider this a proper case for deferred prosecution.

 While he is an officer of the court as any other attorney, a district attorney is not a judicial officer nor a part of the judicial branch of the government. A district attorney belongs to the executive branch. *State v. Andrews,* 282 Minn. 386, 165 N.W.2d 528 (1969); *ABA Standards Relating to the Prosecution Function and the Defense Function* § 1.1(a) at 43. cf. *Newman v. United States,* 382 F.2d 479 (D.C. Cir. 1967).

 The statute relating to deferred prosecution, above cited, provides that prosecution is deferred upon order of the court "with the consent of the defendant and the prosecution." The prosecutor's consent is a matter of prosecutorial discretion just as is the choice of several possible charges to press (*Myers v. District Court,* 184 Colo. 81, 518 P.2d 836 (1974)) or the decision to move for the dismissal of a criminal charge. *People v. Dennis,* 164 Colo. 163, 433 P.2d 339 (1967); *People v. Zobel,* 54 Colo. 284, 130 P. 837 (1913); *Gray v. District Court,* 42 Colo. 298, 94 P. 287 (1908); and *People ex rel. Carr v. District Court,* 23 Colo. 466, 48 P. 500 (1897).

"The discretionary power exercised by the prosecuting attorney in initiation, accusation, and discontinuance of

prosecution give him more control of an individual's liberty and reputation than any other public official." Note, Prosecutor's Discretion, 103 Pa. L. Rev. 1057. (1955).

A prosecutor's discretion in charging, deferring or requesting dismissal is limited by pragmatic factors, but not by judicial intervention. *See* Miller and Tiffany, *Prosecutor Dominance of the Warrant Decision: A Study of Current Practices*, 1964 Wash. U. Law Quarterly 1.

■ Because of the doctrine of separation of powers and because the district attorney is a part of the executive branch, the respondent court can no more require the district attorney to give his reasons here than a court can require a Colorado Governor to give his reasons for failing to grant a pardon.

We, of course, are not dealing here with a criminal defendant's objection to a prosecutor's conduct which prevents a fair trial or is constitutionally impermissible.

Rule made absolute.