670 P.2d 452 (1983)
In the Matter of the ESTATE OF Helen Joanne WICKHAM, Deceased.
Donald R. WICKHAM, Claimant-Appellant,
v.
Kathy Ann WICKHAM, Objector-Appellee.
No. 82CA0418.
Colorado Court of Appeals, Div. II.
September 1, 1983.
Law Offices of Peter Alpert, Peter Alpert, Michael J. Schingle, Fort Morgan, for personal representative-appellant.
Kathy Ann Wickham, pro se.
VAN CISE, Judge.
Donald R. Wickham appeals the trial court's disallowance of his claim against his deceased wife's estate as untimely filed. We reverse.
As provided in § 15-12-803, C.R.S. 1973 (1982 Cum.Supp.), claims are barred unless presented within the time set in a proper notice to creditors. Section 15-12-804(1), C.R.S.1973, pertaining to the manner of presentation of claims, states in pertinent part that:
"A claimant against a decedent's estate may deliver or mail to the personal representative a written statement of the claim ... or may file a written statement of the claim ... with the clerk of the court. The claim is deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the court...."
Wickham's wife died testate in January 1981, leaving her husband and five children *453 as heirs and beneficiaries of her estate and appointing her husband as personal representative. As such, he published a notice to creditors specifying June 15 as the date by which all claims were required to be presented to him or to the court.
Acting individually, Wickham prepared a claim against the estate for reimbursement of property taxes and funeral and last illness expenses, and for exempt property and family allowances. The claim was made to himself as personal representative and stated that: "The undersigned, a creditor of Helen Joanne Wickham, deceased, herewith presents the following claim against the Estate of deceased to Donald R. Wickham, personal representative of the estate, for approval...." It was signed, verified, and sworn to by him individually before a notary public on June 11. The claim was "allowed and approved" in writing by Wickham as personal representative on June 29, and the claim and approval were both filed in the office of the clerk of the district court on that date.
In October, Wickham, as personal representative, filed a petition for final settlement and discharge. One of decedent's daughters, Kathy Ann Wickham, filed objections to the petition, to the claim, and to other matters. The court conducted a hearing based on the court file and on arguments of counsel. At the conclusion, the court determined that the signing and acknowledgment by Wickham on June 11 did not constitute a presenting of the claim by June 15, that a person acting in his individual capacity as a claimant cannot file or accept a filing of such a claim with himself as personal representative, and that the date of filing of the claim in the court must prevail. Accordingly, the claim was disallowed as untimely, and the other matters were reserved pending the outcome of the appeal. A C.R.C.P. 54(b) order was entered with regard to the order disallowing the claim.
The only issue on this appeal is whether the court was correct in disallowing the claim as untimely. We hold that it was not.
Had the framers of the Colorado Probate Code intended to provide a different method for presentation of claims when the claimant and the personal representative are one and the same person, they could have done so. They did not. As written, § 15-12-804(1), C.R.S.1973, provides that "a claimant ... may deliver ... to the personal representative a written statement of the claim ... The claim is deemed presented on ... receipt of the written statement of claim by the personal representative..." This provision was timely complied with here. Any exception for the "two hat" situation at issue here must be made by the general assembly and not the courts.
The order disallowing the claim as untimely is reversed, and the cause is remanded for consideration of the objections and other pending matters on their merits and for such further proceedings as may be appropriate.
SMITH and KELLY, JJ., concur.