705 So.2d 1003 (1998)
Richard BURK, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0529.
District Court of Appeal of Florida, Fourth District.
February 4, 1998.
*1004 Jack Edward Orsley of the Law Offices of Orsley & Cripps, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
The appellant, Richard Burk, was charged with twenty-five counts of promoting a sexual performance by a child predicated on twenty-five nude photographs appellant took of his fourteen-year-old stepdaughter. Appellant moved to dismiss twenty-four of the twenty-five counts on the ground that the multiple charges stemmed from "one criminal episode" and, therefore, violated double jeopardy principles. Following the trial court's denial of the motion to dismiss, appellant pled nolo contendere to the charges, reserving his right to appeal. We affirm the trial court's denial of the motion to dismiss, since the separate photographs of the child victim were taken one at a time under appellant's direction.
The record on appeal establishes that Burk approached his stepdaughter while she was in the shower and began to photograph her in the nude. Burk continued to photograph his stepdaughter as she exited the shower, instructing her on specific poses. The taking of these photographs took anywhere from thirty minutes to one hour. Police became aware of these activities when the photographs were sent to them by film processors.
The question before this court is whether, during the photo session in question, there were a sufficient number of distinct acts specifically prohibited by the statute, to support twenty-five individual counts of promoting a sexual performance. See Burke v. State, 475 So.2d 252, 253 (Fla. 5th DCA 1985)(Cowart, J., concurring specially)(stating, in a case where defendant was charged with three counts of violating the same statute, that "the only basis, if any, for making a substantive differentiation between the three criminal charges, as is necessary to meet the limits imposed by the double jeopardy clause, is that each charge was based on a distinguishably different factual event"). The answer to this question must be discerned primarily by looking to legislative intent and the allowable unit of prosecution. Any ambiguity in the allowable unit of prosecution must be resolved in the defendant's favor. See Grappin v. State, 450 So.2d 480, 481 (Fla.1984).
The best evidence of legislative intent is the plain language of the statute itself; thus, that is where we begin our analysis. Florida Statutes section 827.071(3) provides that
[a] person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age....
§ 827.071(3), Fla. Stat. (1995).
This section makes it a crime to promote a sexual performance by a child. Relevant to the instant case, "promote" means "procure" or "manufacture." Id. § 827.071(1)(c). A "performance" is defined as any "play, motion picture, photograph, or dance or any other visual representation ...." Id. § 827.071(1)(b). Notably, the word "photograph" is used in the singular. This, we *1005 believe, indicates the legislature's intent to make the production or promotion of each individual photograph a crime. To read the statute as authorizing only a single violation of section 827.071(3), under the facts present here, would require this court to interpret the word "photograph" to mean "photographic session."
In United States v. Esch, 832 F.2d 531 (10th Cir.1987), defendants William and Linda Esch were found guilty of sixteen counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a), a statute similar to Florida Statutes section 827.071.[1] The sixteen counts stemmed from sixteen sexually explicit photographs of two children. On appeal, the defendants raised much the same argument that Burk has raised in the instant appeal, i.e., that "the photographs depicted the same ... [child] and were produced in the same photographing session and therefore constitute only one crime." Id. at 541.
The Tenth Circuit rejected this argument, reasoning,
18 U.S.C. § 2251(a) proscribes the use of a minor to engage in "any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." (emphasis added). As we construe the statute, each use of a minor to create a visual depiction constitutes a separate and distinct violation, and thus represents the correct unit of prosecution.
The inquiry as to what constitutes the correct unit of prosecution focuses in part on the identification of the key element of the federal offense....
Here, we conclude that the key element of the offense is the use [of] a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction of such conduct [footnote omitted]. That conclusion is supported by the legislative history of the statute, which indicates that Congress intended to protect children from the abuse inherent in the production of pornographic materials. S.Rep. No. 95-438, reprinted in 1978 U.S.Code Cong. & Admin. News at 53 [footnote omitted]. The fact that multiple photographs may have been sequentially produced during a single photographing session is irrelevant. Each photograph depended upon a separate and distinct use of the children. See Blockburger v. United States, 284 U.S. at 302-03, 52 S.Ct. at 181; United States v. Williams, 685 F.2d 319, 321 (9th Cir.1982).
Id. at 541-42.
The "key element" of the legislatively proscribed conduct here is the production of the sexual performance by the child. Accordingly, we hold that the direction of the poses and taking of each photograph by the defendant in the instant case is sufficient to support separate violations of the statute for each photograph produced. Accordingly, the judgment of the lower court is AFFIRMED.
WARNER, J., and PARIENTE, BARBARA J., Associate Judge, concur.
NOTES
[1] The statute provides that

Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.