In the Matter of the ESTATE OF Louis James RUSSO, a/k/a Louis J. Russo, Deceased, Plaintiff–Appellee,

v.

SUNRISE HEALTHCARE CORPORATION, Mediplex Rehab & Skilled Nursing Center of Southern Connecticut, Appellant.

No. 98CA2503.

Colorado Court of Appeals, Div. III.

Dec. 23, 1999.

Gstalder, Lewis & Bartlett, P.C., John M. Gstalder, Louisville, Colorado, for Plaintiff–Appellee.

W. Bruce Joss, Sharon L. Svendsen, Louisville, Colorado, for Appellant.

Opinion by Judge ROY.

In this probate proceeding, Sunrise Healthcare Corporation, Mediplex Rehab & Skilled Nursing Center of Southern Connecticut (claimant) appeals the trial court's denial of its petition for allowance of a claim against the Estate of Louis James Russo, also known as Louis J. Russo (decedent). We reverse and remand for further proceedings.

In 1996, claimant provided skilled nursing care to the decedent at its residential facility in Milford, Connecticut. Following the decedent's departure from the facility, claimant notified decedent and his family of amounts still owing for decedent's care.

The decedent died in Colorado on January 7, 1998. His son commenced informal probate proceedings and, upon application to the court, was appointed personal representative of the estate.

Pursuant to applicable statute, the personal representative caused a notice to creditors to be published in a local newspaper. The notice required that claims against the estate be presented to the personal representative or to the district court on or before June 23, 1998. The personal representative did not, prior to June 23, 1998, provide claimant with actual notice of decedent's death or the opening of the estate.

Claimant presented its claim against the estate by filing it with the court on August 28, 1998, within one year of decedent's death, but following the expiration of the noticed claim period. Claimant then filed a petition for allowance of its claim, and the personal representative responded with a notice of disallowance and objection.

Following a hearing, the trial court found it clear that the personal representative knew or should have known of claimant's outstanding bill when he caused publication of the notice to creditors. However, relying upon *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), the court concluded that the applicable provisions of the Colorado Probate Code did not contemplate sufficient

state action to implicate the Due Process Clause of the Fourteenth Amendment or to require that actual notice be given to claimant. Hence, the court concluded that the claim was time-barred.

## I.

Claimant contends that the trial court erred in concluding that, as a known creditor of the estate, it was not entitled to actual notice concerning timely presentation of its claim. We agree.

At issue are notice and nonclaim provisions of the Colorado Probate Code. Section 15–12–801(1), C.R.S.1999, provides, in pertinent part, that:

> Unless one year or more has elapsed since the death of the decedent, a personal representative *shall* cause a notice to creditors to be published in some daily or weekly newspaper published in the county in which the estate is being administered ... at least once during each of three successive calendar weeks .... [requiring that claims be presented within four months of the date of first publication or within a year of the date of death, whichever occurs first] (emphasis supplied)

Section 15–12–803(1)(a), C.R.S.1999, provides:

> All claims against a decedent's estate which arose before the death of the decedent ... if not barred earlier by other statutes of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:
>
> (I) As to creditors barred by publication, within the time set in the published notice to creditors;
>
> ....
>
> (III) As to all creditors, within one year after the decedent's death.

■ Our primary task in construing a statute is to determine and give effect to the intent of the General Assembly. *Jones v. Cox,* 828 P.2d 218 (Colo.1992). As pertinent here, we are required to construe the statutory provisions liberally to promote a speedy and efficient system for settling the estate of a decedent and making distribution to his or her successors, while promoting uniformity in the administration of estates among different jurisdictions. Sections 15–10–102(1), 15–10–102(2)(c), and 15–10–102(2)(e), C.R.S.1999; *In re Estate of Hall,* 948 P.2d 539 (Colo. 1997).

■ A statute must be construed as a whole, giving consistent and sensible effect to all of its parts so as to achieve a reasonable result and to avoid an unjust one. *In re Estate of Hall, supra; Strong Bros. Enterprises, Inc. v. Estate of Strong,* 666 P.2d 1109 (Colo.App.1983). And, because statutory interpretation is a question of law, we are not bound by the interpretation of the trial court. *Gorman v. Tucker By and Through Edwards,* 961 P.2d 1126 (Colo.1998).

■ We agree with the trial court that the Supreme Court's ruling in *Tulsa Professional Collection Services, Inc. v. Pope, supra,* is dispositive of the issue before us. However, we disagree with the trial court's reading and application of the case to the facts presented here.

The Supreme Court, in *Pope,* rejected the contention that, under the Oklahoma Probate Code, notification of an estate's creditors solely by publication was constitutionally sufficient as to known or readily ascertainable creditors. In doing so, the Court relied upon its previous decisions in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)(creditor's claim against an estate is a property interest protected by the Fourteenth Amendment, and state action affecting property must generally be accompanied by notification of that action) and *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of a party whose name and address are reasonably ascertainable).

The holding in *Pope* was based upon an analysis of the Oklahoma statutes to determine whether the adverse effect on the creditor's property arose from state action or,

alternatively, whether the operative statutes were self-executing. The Court concluded that the Oklahoma nonclaim statute was not self-executing but operated in connection with the state's probate proceedings, which required pervasive and substantial state involvement by the court. Importantly, however, the Court concluded that without the probate court's involvement, the time bar would never be activated.

Here, the trial court determined that the limited state action required under the Colorado Probate Code did not rise to the level of involvement found in *Pope* to require actual notice to creditors in order to comport with due process. In effect, the trial court determined that § 15–12–803(1)(a)(I) is self-executing.

The trial court correctly observed that the level of state involvement under the Colorado Probate Code is less substantial than that required by the Oklahoma statutes as delineated in *Pope*. This reduced involvement is predicated, in part, on the fact that much of the court's actions are taken without hearings and are delegated to staff.

However, this limited involvement, in our view, triggers the time bar. More specifically, § 15–12–801(1) requires that, in a probate proceeding which commences within a year of the decedent's death, published notice to creditors of the estate *must* be given by a personal representative. And, it is only by state action, or court involvement, that a personal representative is appointed to act on behalf of the estate and is thus empowered and required to impose the published deadline upon creditors.

Therefore, without the court's action in the course of probate proceedings in appointing a personal representative, the statutory time bar shortening the period in which to file a claim against the estate would not be activated. Instead, the self-executing provision of § 15–12–803(1)(a)(III), which requires claims to be filed within one year of the decedent's death, would be applicable. *See In re Estate of Ongaro,* 973 P.2d 660 (Colo.App.1998) (section 15–12–803(1)(a)(III) is a self-executing nonclaim statute triggered by the death of the decedent rather than by the commencement of probate proceedings in court).

As applicable here, the *Pope* court concluded that when the legal proceedings themselves trigger the time bar, the self-executing feature that is necessary to remove any due process problem is absent. Rather, in such circumstances, due process is directly implicated, and actual notice generally is required.

Further, the requirement that actual notice be given to known or reasonably ascertainable creditors is not so cumbersome as to interfere with the speedy resolution of the probate proceedings. *See Mennonite Board of Missions v. Adams, supra.* And, as observed by the *Pope* court, the limited requirement of actual notice serves to deter the possibility that a party who has a beneficial interest in an estate might intentionally fail to call attention to the potential expiration of a creditor's claim.

Our conclusion that *Pope* applies to the provisions here in question to require actual notice to creditors such as claimant thus comports with the statutory directive that we liberally construe the provisions of the probate code to provide for a speedy and efficient, but just, settling of an estate. *See In re Estate of Hall, supra; Strong Bros. Enterprises, Inc. v. Estate of Strong, supra.*

Moreover, our conclusion that due process requires actual notice to known or reasonably ascertainable creditors of an estate comports with that of other jurisdictions which have considered the issue. *See, e.g., Armstrong v. Armstrong,* 130 F.R.D. 449 (D.Colo.1990) (asserted denial of due process concerning notice by publication requires a determination of whether a known creditor has actual notice of the deadline for filing a claim against the estate); *In re Estate of Santoro,* 572 A.2d 298 (R.I.1990) (statutory provision barring creditors' claims did not relieve the estate's administratrix of duty to provide actual notice to known or reasonably ascertainable creditors); *In re Estate of Anderson,* 821 P.2d 1169 (Utah 1991) (notice by publication of deadline triggered by legal proceedings was insufficient to give actual notice required by due process where the identity of creditor is reasonably ascertainable); *In re Estate of Barthel,* 161 Wis.2d 587, 468 N.W.2d 689 (1991) (nonclaim statute was not self-execut-

ing, requiring actual notice to known creditor when time limitation was triggered only after application for informal administration was filed with the court).

## II.

 Because we have concluded that § 15–12–803(1)(a)(I) is not a self-executing statute and, hence, that due process requires actual notice to known or reasonably ascertainable creditors of an estate, claimant cannot be barred from presenting its claim for having failed to do so within the published deadline. Accordingly, the one–year limitation set forth in the self-executing provision of § 15–12–803(1)(a)(III) is applicable. Because claimant presented its claim within one year of the decedent's death, the claim is not time-barred and must be considered on its merits.

The judgment of the trial court denying claimant's petition for allowance of its claim is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Judge PLANK and Judge CASEBOLT concur.