In the Matter of the ESTATE OF Charlie D. SHERIDAN, a/k/a Charles D. Sheridan and Charles Douglas Sheridan.

M. Sue Jarrett, Appellant,

v.

Joyce M. Sheridan, Appellee.

No. 03CA0906.

Colorado Court of Appeals, Division IV.

Oct. 21, 2004.

§ 24–51–1105, C.R.S. 2004.

Pearson, Horowitz, Poskus & Burnett, P.C., J. Gregory McAuliffe, Denver, Colorado, for Appellant.

Burns, Figa and Will, P.C., Michael J. Norton, Dana L. Eismeier, Rachel T. Rowley, Englewood, Colorado, for Appellee.

RUSSEL, J.

In this estate proceeding, M. Sue Jarrett appeals the district court's order dismissing her claims against the estate of her father, Charlie D. Sheridan (decedent). We affirm.

## I. Background

Decedent died on November 5, 2001. As personal representative of the estate, Jarrett placed a notice in the local newspaper informing creditors of the deadline for presenting claims against the estate. The notice stated that creditors had until March 28, 2002, to present their claims.

On November 1, 2002, Jarrett filed two claims as a creditor of the estate. Joyce Sheridan, an heir of decedent, objected to Jarrett's claims on the grounds that they were untimely. In January 2003, the district court issued an order dismissing Jarrett's claims.

Jarrett then filed a motion for reconsideration, arguing that her claims had been timely presented. She supported her argument, in part, by relying on "newly discovered evidence." The district court did not rule on Jarrett's motion within sixty days; the motion was therefore deemed denied under C.R.C.P. 59(j). Jarrett then filed a timely notice of appeal with this court.

Shortly after the notice of appeal was filed, the district court granted Jarrett's motion for reconsideration. Jarrett then asked this court to stay her appeal and remand for further proceedings in the district court. A motions panel of this court denied Jarrett's request, noting that the district court lacked jurisdiction to rule on a post-trial motion under C.R.C.P. 59 after sixty days.

### A. Statement of Issues

This case involves two related questions:

1. What is the deadline for presenting claims against an estate by a known creditor who does not receive written notice from the personal representative but has actual knowledge of the deadline contained in a published notice?

2. When the personal representative has actual knowledge of a creditor's claims, must the creditor nevertheless satisfy the statutory requirements for presentation of claims?

In answering these questions, we are required to account for the fact that Jarrett is both the creditor and the personal representative of the estate.

### B. Overview of Statutes

Our analysis involves the interplay of three related statutes:

1. Section 15–12–801, C.R.S.2004, governs notice to creditors. This statute requires the personal representative to publish a notice stating the deadline by which creditors must present their

claims. It also permits the personal representative to provide written notice to creditors.

2. Section 15–12–803, C.R.S.2004, sets forth the deadlines that creditors must meet to present their claims against an estate. The general deadline is one year from the decedent's death, but earlier deadlines may be triggered by published or written notice.

3. Section 15–12–804, C.R.S.2004, sets forth three ways in which a claimant may present his or her claims: (1) deliver or mail a written statement of the claim to the personal representative; (2) file a written statement with the clerk of court; or (3) commence legal proceedings against the personal representative.

## II. Applicable Deadline

■ We first determine the date by which Jarrett was required to present her claims. This is a mixed question of fact and law. Because the pertinent facts are undisputed, and the question will be resolved as a matter of law, we review the trial court's ruling de novo. *See E–470 Pub. Highway Auth. v. 455 Co.*, 3 P.3d 18, 22 (Colo.2000) (reviewing court may conclude that mixed question of fact and law demands de novo review).

The parties agree that Jarrett did not send to herself, or any other creditor, a written notice that would trigger an early deadline under § 15–12–803(1)(a)(II), C.R.S.2004. We are thus required to choose one of two possible deadlines: (1) the early deadline contained in the published notice to creditors (March 28, 2002), under § 15–12–803(a)(1)(I), C.R.S.2004; or (2) one year from the death of decedent (November 5, 2002), under § 15–12–803(1)(a)(III), C.R.S.2004.

The district court ruled that Jarrett was required to present her claims by the deadline contained in the published notice. Jarrett contends that she was not required to meet this deadline because she is not one of the "creditors barred by publication," within the meaning of § 15–12–803(1)(a)(I). In Jarrett's view, only unknown creditors can be barred by publication. For support, she relies on *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), and *Estate of Russo v. Sunrise Healthcare Corp.*, 994 P.2d 491 (Colo.App.1999).

We disagree with Jarrett's view of these cases.

In *Pope*, a claimant sought to be excused from a two-month deadline that was contained in a published notice to creditors. The Court held that, as a matter of due process, creditors who are known or reasonably ascertainable by the estate cannot be required to meet an early deadline unless they are given "[n]otice by mail or other means as certain to ensure actual notice." *Pope, supra*, 485 U.S. at 491, 108 S.Ct. at 1348 (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983)).

In *Estate of Russo*, a division of this court analyzed Colorado's probate statutes under the principles announced in *Pope*. The division determined that due process governs the enforcement of early deadlines under § 15–12–803(1)(a). Accordingly, the division held that a known or reasonably ascertainable creditor may be required to meet an early deadline only if the creditor receives actual notice of that deadline. *Estate of Russo, supra*, 994 P.2d at 494.

■ Unlike the claimants in *Pope* and *Estate of Russo*, Jarrett had actual notice of the deadline contained in the published notice to creditors. Jarrett knew the contents of the notice because she, as personal representative, caused the notice to be published in the local newspaper. Thus, the due process concerns underlying *Pope* and *Russo* are not implicated here, and the issue must be resolved solely by operation of statute.

We conclude that Colorado's probate statutes do not exempt Jarrett from the deadline contained in the published notice merely because she was known to the estate. Under Colorado's scheme, a known or reasonably ascertainable creditor must present claims by the published deadline if the creditor has actual knowledge of that deadline.

Our conclusion is supported by two observations.

First, the pertinent statutes do not distinguish between known and unknown creditors. A notice that is published in compliance with § 15–12–801 applies, on its face, to *all* creditors:

Unless one year or more has elapsed since the death of the decedent, a personal representative shall cause a notice to creditors to be published in some daily or weekly newspaper published in the county in which the estate is being administered, or if there is no such newspaper, then in some newspaper of general circulation in an adjoining county. Such notice shall be published not less than three times, at least once during each of three successive calendar weeks. The notice shall be substantially as follows:

NOTICE TO CREDITORS

Estate of .......... (Deceased)

No........

*All persons having claims* against the above-named estate are required to present them to the undersigned or to the District Court of .......... County, Colorado (or Probate Court of the City and County of Denver, Colorado), on or before (a date not earlier than four months from date of first publication or the date one year from date of death, whichever occurs first),

.................... 20..., or said claims may be forever barred.

............

Personal Representative

Section 15–12–801(1), C.R.S.2004 (emphasis added).

Second, in Colorado, a personal representative is not required to send written notice to any creditor. *See* § 15–12–801(2), C.R.S. 2004 ("A personal representative *may* give written notice by mail or other delivery to any creditor." (emphasis added)). Accordingly, the absence of written notice is of limited significance under Colorado's scheme. The absence of written notice means that the personal representative will forfeit the ability to enforce early deadlines under § 15–12–803(1)(a)(II). But it does not mean that the personal representative will forfeit the right to enforce other deadlines; the personal representative may still require creditors to meet the published deadline to the extent permitted by due process, binding (1) all unknown or nonascertainable creditors, and (2) those known and ascertainable creditors who have gained actual knowledge of the published deadline.

In this regard, Colorado's scheme is different from state statutes that require the personal representative to send formal notice. Under those statutes, the failure to send formal notice to a known creditor can absolve that creditor of the obligation to meet an early deadline, even if the creditor has actual notice of that deadline. *See, e.g., In re Estate of Emery,* 258 Neb. 789, 606 N.W.2d 750, 755 (2000) (by statute, a copy of the published notice must be mailed to "every party appearing to have a direct legal interest" in the probate action; by statute, the failure to send proper notice gives a creditor three years after decedent's death to file a claim; these statutes control even if the creditor has actual notice of the probate action).

Therefore, the district court correctly determined that Jarrett was required to meet the deadline contained in the published notice to creditors. Unlike other known or reasonably ascertainable creditors, Jarrett cannot assert that she lacked actual notice of the published deadline and thus cannot claim to be exempt from that deadline under due process principles. *See Powder Mountain Painting v. Peregrine Joint Venture,* 899 P.2d 279, 281 (Colo.App.1994) ("'actual notice' is such notice as is positively proved to have been given to a party directly and personally, or such as the party is presumed to have received personally because the evidence within the party's knowledge was sufficient to put the party upon inquiry").

### III. Manner of Presentation

Had Jarrett been subject only to the one-year deadline, there would be no dispute about the manner in which she presented her claims; on November 1, 2002, Jarrett filed a statement of claims that fully satisfied the requirements of § 15–12–804(1), C.R.S.2004.

But we have concluded that Jarrett was required to meet the earlier deadline (March 28, 2002) contained in the published notice to creditors. Thus, we must consider whether Jarrett properly presented her claims before that deadline. We conclude that she did not.

Jarrett first argues that she did not need to satisfy any statutory requirement for presentation of claims because she (as personal representative) already had full knowledge of her own claims. We reject this argument.

■ The obvious purpose of § 15–12–804 is to inform the personal representative of claims against the estate. Although this statute is arguably unnecessary when the personal representative has first-hand knowledge of claims, it nevertheless applies, by its terms, to all claimants and all claims. The statute requires that claims be presented in one of three ways, and it makes no exception for claims that otherwise lie within the knowledge of the personal representative. *See In re Estate of Ongaro*, 998 P.2d 1097, 1101 (Colo.2000) (rejecting the assertion that a claimant need not formally present a claim where the personal representative has personal knowledge of the estate's liability to claimant). We therefore conclude that, like any claimant, Jarrett was required to satisfy § 15–12–804.

Jarrett next contends that she satisfied § 15–12–804 by presenting her claims before the published deadline. She relies on items that she characterized, in her post-trial motion, as "newly discovered evidence." Jarrett argues that these items, alone and in combination, constitute a "written statement of the claim" within the meaning of § 15–12–804.

We disagree. Assuming, without deciding, that these items constitute newly discovered evidence, they do not satisfy § 15–12–804.

■ Strict compliance with each of the formal requirements of § 15–12–804 is not required. *Ongaro, supra*, 998 P.2d at 1100; *Strong Bros. Enters., Inc. v. Estate of Strong*, 666 P.2d 1109, 1111 (Colo.App.1983). But claimants must satisfy the basic requirements of the statute. "At a minimum a written claim must contain (1) a request or demand for payment from the estate, and (2)

sufficient information to allow the personal representative to investigate and respond to the claim." *Ongaro, supra*, 998 P.2d at 1100.

Here, Jarrett's items—an agenda for a family meeting, a note written on a proposed settlement agreement, and audiotapes and videotapes—fail at the threshold level. None of these items purports to be a written request or demand for payment from the estate. Nor do they contain sufficient information to satisfy the most basic requirements of § 15–12–804. *Cf. In re Estate of Wickham*, 670 P.2d 452, 453 (Colo.App.1983) (personal representative adequately presented his own claim when he prepared a signed and notarized statement seeking reimbursement of property taxes, funeral expenses, and other charges).

We therefore conclude that Jarrett did not properly present her claims before the applicable deadline.

The order is affirmed.

Judge KAPELKE and Judge GRAHAM concur.