The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Joseph K. RENANDER, Defendant–Appellee.

No. 06CA1546.

Colorado Court of Appeals, Div. VI.

Nov. 30, 2006.

Scott W. Storey, District Attorney, Donna Skinner Reed, Chief Appellate Deputy District Attorney, Golden, Colorado, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Nancy Holton, Deputy State Public Defender, Cobea E. Becker, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Chief Judge DAVIDSON.

This interlocutory appeal arises from charges of sexual exploitation of a child filed against defendant, Joseph K. Renander. At a pretrial hearing, the trial court ordered the prosecution to reassemble thirty-one of the counts, which effectively resulted in the dismissal of eleven of the original charges. The People appeal, alleging that the trial court improperly interfered with the authority of the executive branch to decide matters pertaining to charging, in violation of the doctrine of separation of powers. We reverse and remand.

The prosecution originally charged defendant with forty-seven felony and misdemeanor counts. Count one charged sexual exploitation of a child pursuant to § 18–6–403(3)(a), C.R.S.2006, a class three felony; counts two and three charged of violation of bail bond conditions pursuant to § 18–8–212, C.R.S. 2006, class six felonies; counts five through fifteen charged sexual exploitation of a child pursuant to § 18–6–403(3)(b.5), C.R.S.2006, class one misdemeanors; and counts sixteen through forty-seven charged class three felony sexual exploitation of a child pursuant to § 18–6–403(3)(b), C.R.S.2006. The charges pertained to the alleged possession and production of photographic images of children engaged in various acts of explicit sexual conduct.

Counts five through forty-seven were charged by the prosecution on a per-image basis, that is, one count for each particular

photographic image. That method of charging resulted in several different counts that involved photographs of the same child, sometimes in a different pose or act.

Prior to trial, defendant moved to dismiss counts seven through fifteen and seventeen through forty-seven on grounds of double jeopardy and multiplicity of charges. After argument on defendant's motion, the court declined to decide the issue on constitutional grounds but, instead, ordered the prosecutor to "reassemble the counts by victim rather than by image." The court explained its ruling as follows:

> I'm doing that for two reasons that perhaps are somewhat unique to this case: First reason: that is the way the People have already charged Count 1. And to be consistent, and to avoid juror confusion, I think it makes sense to do the counts by victim as opposed to by image. Secondly, a question has been raised as to whether or not the People can carry their burden of proof that these images are of children and are live children as opposed to animations, if we separate the counts by image as opposed to by child, there is the danger of inconsistent verdicts on that issue as to the same child. Therefore, the court orders that the counts be restructured so that there is a separate count as to each child, even though there are multiple images of that child engaging in different acts.

The prosecutor filed a motion for reconsideration. The prosecutor pointed out that such rearrangement effectively resulted in the dismissal of eleven of the charges and argued that such a dismissal was an improper judicial interference with prosecutorial discretion.

The following day, the People filed this interlocutory appeal, contending that the trial court's ruling resulting in the dismissal of eleven of the counts filed against defendant violated the separation of powers doctrine. We agree.

## I. Propriety of Appellate Review

As a threshold matter, we address and reject defendant's contention that this is an improper interlocutory appeal. *See* § 16–12–102(1), C.R.S.2006; C.A.R. 4(b)(3) (unless the order is based on a determination that a statute, municipal charter provision, or ordinance is unconstitutional, the People may appeal from an order dismissing one or more but less than all counts of a charging document prior to trial).

## II. Standard of Review

Because the trial court's ruling involves issues of law, our review is de novo. *See In re Estate of Sheridan,* 117 P.3d 39, 41 (Colo. App.2004) (determinations of law are reviewed de novo).

## III. Separation of Powers

■ Article III of the Colorado Constitution divides the power of state government into three distinct, co-equal branches and instructs that "no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others." This directive, known as the separation of powers doctrine, bars the judiciary from interfering with the executive or legislative branches. *Pena v. Dist. Court,* 681 P.2d 953, 955–56 (Colo.1984).

■ A prosecuting attorney belongs to the executive branch. And, as a general matter, the power to initiate, alter, or dismiss charges rests solely within the prosecuting attorney's discretion, and may not be controlled or limited by judicial intervention. *See People v. Dist. Court,* 632 P.2d 1022, 1024 (Colo.1981); *People v. Dist. Court,* 186 Colo. 335, 339, 527 P.2d 50, 52 (1974).

It is solely the authority of the prosecutor to decide matters involving the charging of offenses. *See People v. Lichtenstein,* 630 P.2d 70, 72 (Colo.1981) ("It is well settled that the prosecution has the constitutional power to exercise its discretion in deciding which of several possible charges to press in a prosecution."); *Myers v. Dist. Court,* 184 Colo. 81, 85, 518 P.2d 836, 838 (1974) (same); *see also People v. Dist. Court, supra,* 632 P.2d at 1024 ("The scope of the [prosecutor's] discretion extends to the power to investigate and to determine who shall be prosecuted and what crimes shall be charged.").

■ Conversely, interference by a court with the authority of the prosecution to dismiss charges once filed may occur only in limited circumstances: (1) when exercising its supervisory authority to dismiss on constitutional grounds (e.g., infringement of defendant's due process rights); (2) when exercising its supervisory authority to protect the integrity of the judicial process (e.g., prosecutorial misconduct that interferes with grand jury's independent function); (3) upon determination that the evidence is insufficient to support prosecution; or (4) when authorized by statute that is consistent with constitutional separation of powers (e.g., General Assembly amended § 16–8–114.5(2) to transfer from the courts to the prosecutor the power to dismiss pending criminal proceedings against incompetent defendants). *See People v. Zapotocky*, 869 P.2d 1234, 1243–44 (Colo.1994); *People v. Dennis*, 164 Colo. 163, 166, 433 P.2d 339, 340 (1967) (trial court's power to approve People's dismissal of charges under Crim. P. 48(a) does not grant court authority to sua sponte initiate dismissal); *See also U.S. v. Turner*, 620 F.Supp. 525, 527 (D.Colo.1985).

### A. Court's Stated Grounds

■ Here, the trial court gave two reasons for its order: (1) to avoid juror confusion by arranging the charges in a consistent manner; and (2) to avoid inconsistent verdicts that could potentially result if the jury found defendant guilty with respect to some images of a particular child, but not as to other images of the same child. However, although the trial court's underlying concerns were certainly legitimate, these grounds do not provide a permissible basis on which effectively to dismiss charges otherwise properly filed. *See People v. Dist. Court, supra*, 186 Colo. at 339, 527 P.2d at 52 ("A prosecutor's discretion in charging, deferring or requesting dismissal is limited by pragmatic factors, but not by judicial intervention."); *see also People v. Dennis, supra*, 164 Colo. at 166, 433 P.2d at 340 ("However well intentioned the trial judge may have been in determining that further prosecution of the case was a useless and unnecessarily costly procedure, it was not within his power to dismiss the case when he did.").

### B. Other Grounds

Defendant contends that, even if the particular grounds given by the trial court were insufficient to require the prosecutor to organize the charges by victim and not by image, constitutional principles of double jeopardy and multiplicity require the charges to be so grouped. He relies on *Woellhaf v. People*, 105 P.3d 209, 216 (Colo.2005), which held that, even when several types of sexual contact occur during an assault, a single incident of sexual assault constitutes only a single charge under § 18–3–405, C.R.S.2006. Accordingly, defendant argues, possessing multiple images of a single child should only constitute a single charge under § 18–6–403, C.R.S.2006.

■ The People counter that, not only does § 18–6–403 permit charging on a per-image basis, but also, because § 18–6–403(1.5), C.R.S.2006, states that the child victim is harmed each time sexually exploitative material is viewed, the statute authorizes a discrete charge for each viewing of a sexually exploitative image. We disagree with defendant, and agree with the People in part. We conclude that, under the statute, each offending image constitutes a separate and distinct sexual exploitation and therefore is a separate, chargeable offense.

■ The Double Jeopardy Clauses of the United States and Colorado Constitutions protect a defendant from being placed in jeopardy more than once for a single crime. This includes protection against multiple punishments for the same crime. U.S. Const. amend. V; Colo. Const. art. II, § 18; *Woellhaf v. People, supra*, 105 P.3d at 214.

Multiplicity is the charging of multiple counts and the imposition of multiple punishments for the same criminal conduct. *People v. Borghesi*, 66 P.3d 93, 98 (Colo.2003). Although charging multiple counts for the same criminal conduct is not itself fatal to an indictment or information, the danger is that it could lead to multiple sentences for the same crime, and thus implicate double jeopardy. *See Woellhaf v. People, supra*, 105 P.3d at 214; *Quintano v. People*, 105 P.3d 585, 589–90 (Colo.2005).

■ In multiplicity challenges of this nature, the proper inquiry is whether the General Assembly defined the crime as reflecting a continuous course of conduct. *See Woellhaf v. People, supra,* 105 P.3d at 214–15. This analysis requires us to consider the allowable unit of prosecution as set forth in the applicable statute. *See People v. Williams,* 651 P.2d 899, 902–03 (Colo.1982). "The unit of prosecution is the manner in which a criminal statute permits a defendant's conduct to be divided into discrete acts for purposes of prosecuting multiple offenses.... To determine the unit of prosecution, we look exclusively to the statute." *Woellhaf v. People, supra,* 105 P.3d at 215. When construing the statute, we seek to determine and effectuate the General Assembly's intent. *Woellhaf v. People, supra,* 105 P.3d at 215.

The disputed charges here were brought pursuant to § 18–6–403(3)(b) and (b.5), which provide:

A person commits sexual exploitation of a child, if, for any purpose, he or she knowingly: ...

(b) Prepares, arranges for, publishes, including but not limited to publishing through digital or electronic means, produces, promotes, makes, sells, finances, offers, exhibits, advertises, deals in, or distributes, including but not limited to distributing through digital or electronic means, any sexually exploitative material; or

(b.5) Possesses or controls any sexually exploitative material for any purpose....

Thus, the dispositive question is what constitutes the allowable unit of prosecution as it relates to "sexually exploitative material": (1) a single charge for all images produced or possessed of a single child, as defendant argues; (2) a single charge for each discrete item of sexually exploitative material, as the prosecutor originally charged; or (3) a single charge for each viewing of a sexually exploitative image, as the prosecutor argued at the motions hearing and on appeal. Based on the plain language of the statute, we conclude that the General Assembly intended the prohibited behavior relating to each discrete item of sexually exploitative material to constitute an allowable unit of prosecution.

Section 18–6–403(2)(j), C.R.S.2006, defines "sexually exploitative material" as *"any* photograph, motion picture, videotape, print, negative, slide, or other mechanically, electronically, chemically, or digitally reproduced visual material that depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct." The modifier "any" means either "one or more" or "one, no matter what one." *Webster's Third New International Dictionary* 97 (1976). In the context of this statute, "any," includes a single item of sexually exploitative material.

However, because "any" also connotes a lack of restriction or limitation, it could be interpreted as encompassing multiple items of child pornography, and it was so interpreted in *Woellhaf.* There, the sexual assault statutes at issue contained no indication that the General Assembly intended to authorize separate punishments for each sexual touching that occurs within a single incident of sexual assault. Thus, the court concluded that *"any* sexual contact" encompassed all sexual touching that occurs during a single incident of sexual assault. *See Woellhaf v. People, supra,* 105 P.3d at 215–16.

Here, however, unlike the statutes in *Woellhaf,* where a single incident of sexual may comprise various types of sexual contact, the child pornography statute contains explicit language indicating that the General Assembly intended to criminalize the production, possession, and other specified conduct as to each item of sexually explicit material. Specifically, § 18–6–403(1.5) provides:

The general assembly further finds and declares that the mere possession or control of any sexually exploitative material results in continuing victimization of our children by the fact that such material is a permanent record of an act or acts of sexual abuse of a child; that each time such material is shown or viewed, the child is harmed; that such material is used to break down the will and resistance of other children to encourage them to participate in similar acts of sexual abuse; that laws banning the production and distribution of such material are insufficient to halt this

abuse; that in order to stop the sexual exploitation and abuse of our children, it is necessary for the state to ban the possession of any sexually exploitative materials; and that the state has a compelling interest in outlawing the possession of any sexually exploitative materials in order to protect society as a whole, and particularly the privacy, health, and emotional welfare of its children.

This plain language reflects that, according to the General Assembly, each sexually exploitative image constitutes a permanent record of sexual abuse that victimizes the child and results in continuing victimization each time the image is subsequently viewed. And, because the statute was designed to stop the sexual victimization of children, the allowable unit of prosecution is a single incident of victimization, that is, the possession, preparation, or other specified conduct with respect to a sexually exploitative image.

Hence, under the statute at issue here, each sexually exploitative image is a permanent record and, therefore, constitutes a discrete act of victimization of the child. *See United States v. Esch,* 832 F.2d 531, 541–42 (10th Cir.1987) (interpreting federal statute proscribing the use of a child to engage in any sexually explicit conduct for the purpose of producing any "visual depiction," court determined that statute's plain language reflected congressional intent to protect children from abuse inherent in creating permanent records of sexually explicit conduct and, therefore, the allowable unit of prosecution permitted separate charges for each photograph of the same child victim; because each image constituted a discrete unit of prosecution, court dismissed defendant's assertion that all photographs taken during a single photographic session were part of a single criminal episode); *see also Burk v. State,* 705 So.2d 1003, 1004–05 (Fla.Dist.Ct.App.1998) (holding each separate image constituted a unit of prosecution under statute criminalizing the promotion of a sexual performance of a child); *State v. Mather,* 264 Neb. 182, 646 N.W.2d 605 (2002) (holding each individual image constituted a unit of prosecution under statute criminalizing production of any visual depiction of a child engaged in sexually ex-

plicit conduct); *Commonwealth v. Davidson,* 860 A.2d 575, 583 (Pa.Super.Ct.2004) (under statute criminalizing possession of child pornography, court held 28 photos constituted 28 separate criminal acts because "[e]ach photograph of each child victimized that child and subjected [the child] to precisely the type of harm the statute seeks to prevent"); *Vineyard v. State,* 958 S.W.2d 834 (Tex.Crim.App. 1998) (under statute criminalizing "possession of child pornography," court upheld separate charges for each item of child pornography); *State v. Morrison,* 31 P.3d 547, 556 (Utah 2001) (statute proscribing possession of material depicting sexual conduct of a minor criminalized each individual image of child pornography); *State v. Multaler,* 252 Wis.2d 54, 643 N.W.2d 437 (2002) (holding separate downloaded image files constituted the basis for separate charges under statute criminalizing possession of "any pictorial reproduction" of child pornography).

█ We disagree, however, with the People's contention that, in addition to charges on a per-image basis, each viewing constitutes a separate incident and, thus, a discrete unit of prosecution. Viewing that does not accompany one of the proscribed acts in § 18–6–403 is not itself a chargeable offense. *See* § 18–6–403(3) (listing possession, production, distribution, and other specified conduct among the many proscribed acts). Although § 18–6–403(1.5) states that the child victim is harmed by every subsequent viewing, the statute indicates that this harm is part of "continuing victimization" resulting from the possession, production, or other specified conduct with respect to the image. *See* § 18–6–403(1.5); *cf. Woellhaf v. People, supra,* 105 P.3d at 215–16 (multiple touchings within a single incident sexual assault were not separate criminal offenses).

In summary, we conclude that there are no constitutional or other permissible grounds upon which the trial court could require the prosecution to reassemble the charges against defendant. Thus, insofar as its order resulted in the mandatory dismissal of eleven counts, we conclude the court impermissibly encroached upon the authority vested in the executive branch and violated the separation of powers doctrine.

**663**

The order is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

STERNBERG * and NEY *, JJ., concur.